GEORGE A. GRAY, Respondent, *v.* L. A. HARRISON ET AL., Appellants.

Where an appeal is taken from an order made on affidavits no statement is required, and those sections of the Practice Act making it the duty of the appellant to prepare a statement containing the grounds upon which he intends to rely on appeal, have no application to an appeal from such an order.

That only is cumulative evidence which is in addition to or corroborative of what has been given at the trial. To render evidence subject to this objection, it must be cumulative, not with respect to the main issue between the parties, but upon some collateral or subordinate fact bearing upon that issue.

If the newly discovered evidence brings to light some new fact bearing upon the main question, and it would be likely to change the result, a new trial should be granted.

APPEAL from the District Court of the First Judicial District, State of Nevada, Storey County, Hon. R. S. MESICK presiding.

The case made out by the testimony of the plaintiff and his witnesses was substantially as follows: That the lot in question was taken up by him and one George May in December, A. D. 1860; that at that time the lot was without improvements and unoccupied, that he fenced the lot and built a hay and feed stable thereon, and remained in possession by himself or tenants from that time up to about the 25th day of August, A. D. 1862, when it is claimed the defendants ejected him from the premises, and continued in possession thereof up to the time of bringing this action.

The defendants on the other hand deraigned title from Joseph Clark and A. E. Head, who claimed to have taken up the lot in February, A. D. 1860; at which time, it was proven by the testimony of Clark and other witnesses, there were no improvements upon it, and had it fenced. He also swears that the plaintiff George Gray, and his associate George May, took possession of the lot as his tenants in December, A. D. 1860; that he gave them no written lease, but merely gave them permission to use the lot, without specifying any time for which they should have that privilege, nor asking any rent therefor.

It was also proven that the plaintiff and George May gave up the possession of this lot in September, A. D. 1861, to the agent of Head and Clark, the grantors of the defendants, and that after that time the plaintiff never had anything further to do with it.

In rebuttal, the witness George May testified that he knew that Clark and Head claimed the lot in question in the year 1859, but that in December, 1860, he had a conversation with them, in which he informed them that he was intending to "jump it;" that they then informed him that they would give it to him; and that it was under those circumstances that he and Gray took possession of and improved it; and that he and Gray had never delivered the possession of the lot to the agent of Clark and Head.

Verdict and judgment was for plaintiff. The defendant moved for a new trial.

Among other grounds upon which it was claimed was that of newly discovered evidence.

*Perley & De Long*, for Appellants.

Respondents deny our right to a new trial on the grounds :

*First*—That the newly discovered evidence is cumulative. The true rule in respect to this question is, we think, ably stated by the Court in the case of *Miller* v. *Graves*, 20 Conn. 308, where the Court say : " By cumulative evidence is meant additional evidence of the same general character to the same fact or point which was the object of the proof before."

Evidence of distinct and independent facts of a different character, though it may tend to establish the same ground of claim or defense, or relate to the same issue, is not cumulative within the rule. (*Sargeant* v. *Dennison*, 5 Cowen, 122 ; *Chatfield* v. *Lathrop*, 6 Pick. 417 ; *Gardiner* v. *Mitchell*, 6 Pick. 113 ; *Halsey* v. *Watson*, 1 Conn. 24.)

And to the point that this ruling not allowing a new trial on the ground that the evidence is not cumulative is but a general rule, subject as all others to exceptions, we cite 23 Cal. 420 ; and authorities cited in brief of appellants in 7 Cal. 42.

The affidavits show admissions by George May which were not proven at the trial.

*Second*—Is the evidence offered material ? We claim it is. A careful examination of the record will show that the evidence in the case was very contradictory and nicely balanced, resulting after one mis-trial in a verdict for the plaintiff only by a three-fourths verdict.

*Quint & Hardy*, for Respondent.

The statement upon motion for new trial purports to contain the proceedings at the trial and the evidence given—nothing more. The statute, section 276, Practice Act, provides that the party desiring to appeal shall, within twenty days after the entry of judgment, prepare a statement *which shall*

*contain the grounds* upon which he intends to rely on appeal, and so much of the evidence as is necessary to explain the grounds and no more. This section is a literal copy of the California Statute, and it is a familiar rule of law that when one State adopts the statute of another it adopts the construction given it by the Courts of the State from whence it was taken.

In the case of *Dobbins* v. *Dollarhide*, 15 Cal. R. 374, *the statement* embodied in the record does not set forth the grounds upon which the appellant relies on appeal, and in this respect fails to comply with the requirements of the statute. The Court refused to consider anything except the judgment roll, and affirmed the judgment. (See also *Barrett* v. *Tewksbury*, 15 Cal. 354.)

Now does this statement contain the grounds upon which appellants rely? There is but one answer that can be given, and that is, it does not. Then, as no error can be found in the judgment roll, the judgment should be affirmed.

It would perhaps be sufficient to say that the affidavits filed form no part of the statement upon appeal; they are upon separate pieces of paper and in no way attached to the statement upon motion for a new trial. But admitting they were attached and form a part and portion of the statement, which this Court will consider, what do they show?

U. P. Hutchings states that he knows the property; that George May and Gray came to Clark and requested the use of the ground for a hay yard; Clark told him they could fence it and have the use of it and give him what rent they had a mind to; this conversation occurred in February, 1860; that May came in from Reese River about two years ago and stated to deponent that Gray was about to try to get that property, but that he should not do it, as it belonged to Joseph Clark, etc.

Turner states that he went to May for the purpose of obtaining this lot; that May told him that Joseph Clark owned the property, and that Morrow was the agent of Clark. This was early in 1862.

Against these affidavits we submit those of May and Gray, and also the fact that this cause was first tried before a jury on the 18th of March, 1865, when the jury failed to agree, as

shown by the affidavit of Gray, nearly two months intervening between the two trials, would seem to us an ample time for defendants and counsel, of the experience and learning of those employed in the defense of this case, to have fully prepared it for trial.

But we submit that the affidavits, if true, or the facts set forth in them, constitute no grounds for a new trial.

An application for a new trial on the grounds of newly discovered evidence, should show affirmatively:

*First*—That the evidence is new.

*Second*—Material; and

*Third*—Not cumulative.

That the applicant has been diligent in preparing his case for trial, that the new evidence was discovered after the trial and will be important, *and tend to prove facts which were not directly at issue on the trial, or were not then known or investigated by proof.* (*Bartlett* v. *Hagan*, 3 Cal. R. 57; *Daniel* v. *Daniel*, 2 J. J. Marshall, 52; Graham & Waterman on New Trials, 1 vol. 462–3, 485; *Brooks* v. *Lyon*, 3 Cal. R. 114; *Burrett*. v. *Gibson*, 3 Cal. R. 399; *Live Yankee Co.* v. *Oregon Co.*, 7 Cal. 42; *Levey* v. *A. Roberts*, 8 Abb. R. 310; *Porter* v. *Tollato*, 1 Cow. R. 359.)

In case of conflicting testimony, newly discovered evidence merely cumulative is no ground for a new trial. (*Taylor* v. *California Stage Co.*, 6 Cal. 228.)

Motions for a new trial on the ground of newly discovered evidence, are regarded with *distrust and disfavor*, and the strictest showing of diligence and all other facts necessary, is required. (*Baker* v. *Joseph*, 16 Cal. 180.)

If newly discovered evidence merely tends, or would tend, to discredit a witness who testified on a former trial, a new trial will not be granted. (1 vol. Graham & Waterman on New Trials, 495.)

Are the affidavits of May and Gray admissible in opposition to the affidavits of Turner and Hutchings?

The Statute of 1861, page 346, section 195, settles this question.

Also, upon authority outside of the statute, counter affidavits are admissible. (Graham & Waterman on New Trials,

1069; 4 Barn. & Adolph. 193; 1 Bail. 32; 18 Johns. R. 489; 7 Barb. 271; 24 Pick. 246.)

Cumulative evidence is defined to be additional evidence of the same kind to the same point.

It is the *kind* and *character* of the evidence that makes the distinction. It is their *resemblance* that makes them cumula- tive. (Graham & Waterman on New Trials, 1046; *Gregott* v. *Butts*, 4 Wend. 582.)

Opinion by LEWIS, C. J., full Bench concurring.

One of the grounds upon which a new trial was claimed in this cause, was the discovery of new evidence material to the issue after the trial. By the affidavit of the defendant Shad it is shown that he is the only defendant having any interest in the action; and that after the trial he had learned new facts material to his case, which, notwithstanding the diligent inquiry made by himself and his attorneys, had not been discovered until after the trial. The newly discovered evidence is fully set forth in the affidavits of U. P. Hutchings and David S. Turner, the witnesses by whom defendants expect to present the same. These affidavits, together with a statement contain- ing the evidence produced at the trial, were filed within the proper time; the motion for new trial made and overruled, and defendants appeal from the order denying it. It is agreed between the counsel for the respective parties that the state- ment on motion for new trial shall constitute the statement on appeal, but counsel for respondent claims that there being no assignment of errors or statement on appeal, containing the *grounds upon which appellants intend to rely,* this Court can consider no errors that do not appear in the judgment roll. But defendants not having appealed from the judgment but only from the order denying a new trial, we cannot look into the judgment roll; if it be correct, therefore, that errors not appearing there cannot be passed upon, the ruling of the Court below would have to be sustained. For the purposes of this case, however, we think a statement containing an assignment of errors is unnecessary, for if the Court is precluded from considering errors committed at the trial, or determining

whether the evidence was sufficient to justify the verdict, its right to pass upon the sufficiency of the affidavits used upon the motion for new trial is undoubted. Where an appeal is taken from an order made on affidavits, no statement is required, and those sections of the Practice Act making it the duty of the appellant to prepare a statement containing the grounds upon which he intends to rely on appeal, have no application to an appeal from such an order. Section 281 expressly declares that the provisions of those sections "shall not apply to appeals taken from an order made upon affidavits filed, but such affidavits shall be annexed to the order in the place of the statement mentioned in those sections."

The affidavits used by the moving parties in the Court below are properly before this Court, and the motion contains a sufficient assignment of errors to enable it to pass upon their sufficiency. Admitting the propriety of reviewing them, it is next to be determined whether they make a sufficient showing to entitle the appellants to a new trial. That the evidence of Hutchings and Turner is material to the defendants' case will scarcely admit of doubt; but it is claimed that it is merely cumulative, and consequently not sufficient to authorize a new trial.

Hutchings swears that he has known the lot in question since the year 1860, that in the Spring of that year George A. Gray, the plaintiff, and one George May (from whom plaintiff derived an undivided one-half interest in the premises), in his presence requested of Joseph Clark, the grantor of defendants, the privilege of using the lot in question for the purposes of a hay yard; that Clark informed them that they could fence it and have the use of it for such rent as they chose to pay. He also swears that George May stated in his presence, about two years before the bringing of this suit, that Gray was about to commence proceedings to recover the lot, but that he could not get it, as it belonged to Joseph Clark. It is also shown by the affidavit of David S. Turner, that in the early part of the year 1862, May admitted to him that the property in dispute belonged to Clark, and that one Robert Morrow was his agent and had authority to lease it. These admissions by May were made prior to his conveyance to Gray, and are new and inde-

pendent facts unknown to defendants at the time of trial. Had these admissions been proven at the trial, the testimony of other witnesses to the same admissions would be merely cumulative. But that only is cumulative which is in addition to or corroborative of what has been given at the trial. To render evidence subject to this objection, it must be cumulative, not with respect to the main issue between the parties, but upon some collateral or subordinate fact bearing upon that issue. In the case of *Aiken* v. *Bemis*, 3 Woodbury & Minot, 348, Judge Woodbury said: "The meaning of the rule cannot be to exclude as cumulative newly discovered evidence of subordinate points or facts bearing on the general question, for in such view no new trial for new evidence could ever be obtained; all new evidence, relating as it must, if it be pertinent to the general ground or general fact put in issue before. But it must mean that new evidence to a subordinate point, or fact, is not competent when that subordinate point, or particular fact, was before gone into; because it is then cumulative, or additional, as to that fact." If the newly discovered evidence brings to light some new fact bearing upon the main question, and it would be likely to change the result, a new trial should be granted. (*Walter* v. *Graves*, 20 Com. 303; *Parker* v. *Hardy*, 24 Pick. 246; 3 Graham & Waterman on New Trials, 1040; *Hardner* v. *Mitchell*, 6 Pick. 114.) The facts claimed to have been newly discovered are certain admissions of the plaintiff's grantor, made at a time when he and plaintiff claim to have been in possession as tenants in common. There was no testimony introduced upon the trial to show those admissions, and one of the defendants swears that they were not discovered until after such trial. New trial should therefore have been granted.

Judgment reversed.