Filed April 11, 1885.

---

No. 11,807.

## MARKS *v.* THE STATE, EX REL. VANDERKOLK.

PRACTICE.—*Deposition.—Continuance.—Diligence.*—Where a witness resides in another State, it is the duty of a party to take his deposition, and if he fails to do this he can not secure a continuance upon the ground that the witness promised to be in attendance at the trial, but violated his promise.

SAME.—*Harmless Error.*—Where a party applies for a continuance upon the ground that a witness is absent, but it appears that on the trial the witness was present and testified, the error in refusing the continuance is a harmless one.

SAME.—*New Trial.—Newly Discovered Evidence.*—One who seeks a new trial on the ground of newly discovered evidence must rebut all presumptions against him, and where a witness is subpœnaed but fails to attend, it is the duty of the party to show that he took steps to secure his attendance by compulsory process.

BASTARDY.—*Evidence.*—It is proper to permit the relatrix, in a prosecution under the statute regulating proceedings in bastardy cases, to prove that the defendant was frequently in her company.

From the Tippecanoe Circuit Court.

*R. C. Gregory, W. B. Gregory, G. O. Behm, A. O. Behm* and *R. P. DeHart,* for appellant.

*W. C. Wilson, J. H. Adams, H. W. Chase, F. S. Chase* and *F. W. Chase,* for appellee.

ELLIOTT, J.—The appellant prosecutes this appeal from a judgment rendered against him in a proceeding under the statute regulating proceedings in bastardy cases.

He asked and was denied a continuance. One of the witnesses named in the affidavit was a resident of the State of Illinois, and it was the duty of the appellant to have taken

her deposition. It was carelessness on his part to rely on her promise to be in attendance at the trial. Where a party de-sires the testimony of a witness not within the jurisdiction of the court, he must take the deposition of the witness, for he can not have compulsory process to compel attendance, and he has no right to have a continuance upon the ground that the witness has promised to attend, and will attend at a future term.

Another one of the witnesses named was present and testi-fied on the trial. As the appellant had the full benefit of the testimony of this witness no harm was done him by the refusal of the court to grant a continuance.

The third witness named in appellant's affidavit was not subpœnaed as a witness, and no diligence appears to have been used to secure her attendance. Nor does it sufficiently appear that her testimony was material; nor is there any sufficient ex-cuse shown for her absence. It is not shown with certainty that she was too ill to attend court, for all that is stated upon this subject is composed of the mere conclusions of the af-fiant.

There was no error in permitting the relatrix to prove that the appellant was frequently in her company, and that they were out in a buggy together. It was not material whether this testimony did or did not contradict the statements of the appellant, for it was admissible for the purpose of showing the familiarity that existed between him and the relatrix. It is always proper in such cases as this to show the previous ac-quaintance, conduct and relation of the parties. It is, as the decisions declare, more probable that sexual intercourse will take place between persons whose relations have been of in-timacy, than between those whose acquaintance is slight, and who have not been much together. *State* v. *Markins,* 95 Ind. 464; S. C., 48 Am. R. 733.

We can not disturb the verdict upon the evidence, for it is supported upon every material point.

The affidavit made in support of a new trial, upon the

ground of newly discovered evidence, shows that Nelson, the witness whose testimony was alleged to have been newly discovered, was subpœnaed as a witness, but it does not appear that any inquiries were made of him until after the trial. It is true that the affidavit states that he did not attend the trial, but this did not dispense with the duty of the appellant to ascertain what he would testify to, and to secure his attendance by compulsory process. The fact that he was subpœnaed as a witness indicates that the appellant had reason to believe that he had knowledge of material facts, and it was, therefore, appellant's duty to have secured his attendance and examined him. In cases such as this the applicant for a new trial must make a strong case and rebut all legal presumptions which arise against him, and this the affidavit in this case is very far from doing. *Hines* v. *Driver*, 100 Ind. 315.

Filed Feb. 19, 1885; petition for a rehearing overruled April 23, 1885.