Ward *v.* Voris.

No. 14,145.

### WARD *v.* VORIS.

NEW TRIAL.—*Newly Discovered Evidence.*—To entitle a party to a new trial on account of newly discovered evidence, it must be shown that such evidence could not, with reasonable diligence, which must be shown, have been discovered and produced at the trial, and that it is true.

SAME.—*Diligence.*—A party seeking a new trial on the ground of newly discovered evidence must affirmatively show facts that will constitute diligence; and if he has made no effort to ascertain or procure the evidence, he must show an absence of knowledge of facts and circumstances which require him to make inquiry, and such a state of facts as will excuse his inactivity.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy, T. H. Ristine* and *H. H. Ristine,* for appellant.

*J. E. Humphries, M. D. White* and *W. E. Humphries,* for appellee.

OLDS, J.—This was a suit on a promissory note. The defendant filed pleas in payment, one alleging payment in money, and one alleging payment in certain articles of personal property. Finding and judgment for the plaintiff, the appellee. Motion for a new trial filed and overruled by the court, and exceptions reserved by the appellant.

The question presented and discussed is, whether the appellant was entitled to a new trial on account of newly discovered evidence.

The main controversy in the case was between the payor of the note, the appellant, Ward, and the payee of the note, one Wilkins, who had sold and assigned the note to the appellee, as to certain credits.

Some question is made by counsel for appellee in regard to the evidence taken by the short-hand reporter being any part of the record in this case. The evidence so taken by the re-

porter is transcribed in long-hand and incorporated bodily into the bill of exceptions, filed in the clerk's office and incorporated into the record, as required by section 1410, R. S. 1881.

The motion for a new trial, on the ground of newly discovered evidence, was filed at the same term of the court at which the case was tried, and is supported by the affidavits of the appellant, Ira Stout and Mrs. Ann Kirkpatrick.

Appellant, in his affidavit, says that " since the trial he has obtained newly discovered evidence material to his defence, which he could not, with reasonable diligence, have discovered and produced at the trial; that, upon the trial of said cause, the only question was as to the amount of property which this defendant had furnished to Clinton Wilkins, the assignor of the note sued upon, and to his son, Thomas Wilkins; that a large number of items testified to by defendant were denied by said Clinton Wilkins, and were excluded in the computation, as not being proved, and by reason of the loss of certain books, as testified to by defendant, other matters were not stated; but defendant says that upon a trial for divorce between said Clinton Wilkins and his wife, at the May term, 1884, of said court, the amount due upon this note was being ascertained in order to fix the amount of alimony, and the only sum which said Wilkins named as due upon said note was one hundred dollars; that affiant is informed that he was asked to give his best impression as to the sum due upon said note, and he said it might be one hundred dollars, and it might be more or less, and he files herewith the affidavits of one Ira Stout and Ann Kirkpatrick, who heard said fact testified to upon said trial; that affiant was not present at said trial, and did not know that said matter was inquired of in said cause, and that he had no reason to suppose that said affiants knew said facts until since the trial of the case at the September term of this court, 1887."

Ira Stout, in his affidavit, says that he was present at the

trial of the divorce case, and that the note Wilkins held against appellant, being the note sued upon in this case, was inquired about, and Wilkins testified that he had had dealings with appellant for years since the execution of the note, and had received from said appellant stock, tile, lumber and other property, and that his son, Thomas, had received horses and stock and other property, all of which articles were to go as credits upon said note, and that he could not tell just what was due ; it might be one hundred dollars and it might be more.

Ann Kirkpatrick, in her affidavit, states that she heard Wilkins testify on the divorce trial, and that he said he and his son had received property as stated by Stout, which was to be applied as credits on the note, and that he said he could not state the sum due on the note with exactness, but his best impression was that it was only one hundred dollars ; that it might be something more and it might be less.

To entitle a party to a new trial on account of newly discovered evidence, it must be shown that such evidence could not, with reasonable diligence, have been discovered and produced at the trial, and that the same is true, and the facts must be set out showing the diligence used to procure such evidence.

No facts are stated in the affidavit of the appellant in this case showing any diligence. The affidavit states a conclusion, that the affiant "could not, with reasonable diligence, have discovered and produced such evidence on the trial."

It is also stated in the affidavit that the affiant was not present at the trial of the divorce case, and did not know that said matter was inquired of; but it does not negative the fact that he was a neighbor to Wilkins, and knew all about the trial, and if he was, he was bound to know that the question of the husband's property was a matter of inquiry in a trial for divorce.

For aught that appears from the affidavit of the appellant, he may have known all about the trial of the divorce case,

Ward v. Voris.

and was related to, and associated with, the persons Stout and Kirkpatrick daily, and had ample opportunity to converse with them and ascertain the facts which they would testify to, long before the trial in this case.

The question of payment was an issue in the case, disputed and contested. It was the duty of the appellant to make diligent inquiry before the trial, and produce all the evidence that such diligence would put him in possession of, and if he failed to do so, he can not be relieved of a judgment which he has allowed to go against him by reason of his own laches and inattention to his own interests.

A party asking to be relieved of a judgment must affirmatively show facts that will constitute diligence, and if he has made no efforts to ascertain or procure such evidence, he must show an absence of knowledge of facts and circumstances which require him to make inquiry, and show such a state of facts as justify and excuse his inactivity. *Test* v. *Larsh,* 100 Ind. 562; *McCauley* v. *Murdock,* 97 Ind. 229; *Ragsdale* v. *Matthews,* 93 Ind. 589; *Toney* v. *Toney,* 73 Ind. 34; *Du Souchet* v. *Dutcher,* 113 Ind. 249; *Arms* v. *Beitman,* 73 Ind. 85; *Allen* v. *Bond,* 112 Ind. 523; *Gardner* v. *State, ex rel.,* 94 Ind. 489; *Pennsylvania Co.* v. *Nations,* 111 Ind. 203; *Hines* v. *Driver,* 100 Ind. 315; *Marks* v. *State, ex rel.,* 101 Ind. 353.

Counsel for appellant insist that the ruling of the court below can not be sustained without overruling the case of *Rains* v. *Ballow,* 54 Ind. 79. In that case the question of diligence was not presented to, or considered by, this court. The affidavit in this case is not sufficient to entitle the appellant to a new trial.

There is no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Feb. 19, 1889.