DRESPEL *v.* DRESPEL

No. 3075

June 5, 1935.                45 P. (2d) 792.

*R. K. Wittenberg,* for Appellant:

*Platt & Sinai,* for Respondent:

372

# OPINION

By the Court, COLEMAN, J.:

Plaintiff recovered judgment in a divorce action. Defendant moved for a new trial upon the grounds of newly discovered evidence and for counsel fees and court costs in prosecuting said motion for a new trial. The court denied all the motions, and the defendant has appealed.

We will first dispose of the appeal from the order denying the motion for a new trial.

Pursuant to our civil practice act, a new trial may be granted upon the ground of newly discovered evidence which the moving party could not, with reasonable diligence, have discovered and produced at the trial. Section 8876 N. C. L.

Defendant's affidavit in support of her motion for a new trial which was made and evidently prepared in New York, states that she had informed her attorney "of the facts of newly discovered evidence and of facts relating to the entire matter, and had been by him advised that she has proper and sufficient grounds for a new trial in said action and a meritorious defense thereto."

There is no statement of facts in the affidavit showing that reasonable diligence had been exercised by the defendant prior to the trial to discover the alleged facts contained in the affidavits of the respective affiants whose testimony it is sought to present upon a new trial, nor is there an intimation of such diligence.

The trial judge, in denying the motion for a new trial, held that all of the proposed new evidence, except

that pertaining to a certain public record, was cumulative, and hence could not influence the court in passing upon the motion, if otherwise entitled to consideration. As to the matter of record which is kept pursuant to the law of New York, he seems to have been of the opinion that the defendant was chargeable with notice of it. It is a well-known rule of pleading that one cannot deny on information and belief matters of public record to which he has access. 49 C. J. 266; 1 Ency. Pl. & Pr. 813; Peacock v. U. S. (C. C. A.) 125 F. 583; Harley v. Plant, 210 N. Y. 405, 104 N. E. 946.

■ The record in question is alleged to have been made two months prior to the trial. The rule applicable to the situation presented is correctly stated in 46 C. J. p. 256, as follows: "The discovery after the trial * * * or of any other matters of public record, is not ground for new trial, unless, on diligent search in the proper office, such record was not discovered before the trial," citing, among others, New York cases.

■ The affidavits in the record, of the various witnesses, offered in support of the motion based on newly discovered evidence, were executed within a few weeks after the trial, which, of itself, indicates that reasonable diligence was not used prior to the trial to discover the evidence offered. 46 C. J. p. 255.

This court, in Pinschower v. Hanks, 18 Nev. 99, 1 P. 454, 457, in passing upon the sufficiency of an affidavit offered in support of a motion for a new trial, based on the grounds of newly discovered evidence, said: "The statement in the affidavit of defendant's attorney, that 'he diligently searched for testimony to establish the defense made by the amended answer in this action,' and other like averments as to the diligence used by the defendant and the Coleman Bros., is too general. The acts performed by them should be particularly stated, so as to enable the court to determine whether the conclusions stated in the affidavit are supported by the facts. It is the duty of litigants to be active and diligent in procuring the testimony upon which they rely to maintain their cause. Trials are not to

be encouraged as experiments. A party is not allowed to present his case by piecemeal; to take a part of the facts first, and then, if he fails, apply for a new trial, and seek to strengthen his case by a statement of other facts which were reasonably within his power to present at the first trial. He must make diligent search and inquiry in advance of the trial, and be able to show, to the satisfaction of the court, that he used reasonable diligence."

In Robinson M. Co. v. Riepe et al., 37 Nev. 27, 138 P. 910, 913, in considering such an affidavit, the court said: "The declarations of diligence in this affidavit are mere conclusions, and set out no showing of diligence or facts from which diligence might be inferred. Where newly discovered evidence is asserted as grounds for a new trial, the affidavit of the moving party is the basic thing upon which a new trial may be granted, because it is in that that a trial court must find the essential elements necessary to authorize it to act in granting a new trial, and, unless these essentials are set forth, the court is not warranted in disturbing the judgment. Ward v. Voris, 117 Ind. 368, 20 N. E. 261."

All of the so-called newly discovered evidence is of an impeaching character, as to which, as was observed in the case last cited, "the trial judge was in a position to know whether or not it was true, and his refusal to grant a new trial, if the proposed newly discovered evidence was of an impeaching nature, was no abuse of discretion. Whise v. Whise [36 Nev. 16], 131 P. 967, 44 L. R. A. (N. S.) 689; Armstrong v. Yakima Hotel Co. [75 Wash. 477], 135 P. 233."

But counsel for defendant calls our attention to the case of Beauley v. Beauley (Sup.) 190 N. Y. S. 129, which he says is authority for the proposition that lack of diligence will not justify the denial of a new trial in a divorce case where the state is an interested party.

The facts of that case are very unusual. In fact, the court observed that even with due diligence the defendant could not have procured certain of the evidence she

relied upon as a ground for a new trial. In any event, the reasoning of this court in the case of Pinschower v. Hanks, supra, quoted above, appeals to us as encouraging a wise policy even in divorce suits. In the instant case several of the affidavits relied upon were by relatives of the defendant, concerning a posted placard which anyone might have put up; such evidence is too easily manufactured. Furthermore, the trial court had an opportunity to observe the defendant and her sister, who came to Nevada for the trial and who testified in the case in behalf of the defendant. The granting of a new trial is largely in the discretion of the trial judge (46 C. J. 250), particularly, as said in Cooper v. Kellogg (Cal. Sup.) 42 P. (2d) 59, 63, where the "trial judge has an opportunity for balancing the weight and credibility of the opposing affidavits in passing upon the motion."

Counsel calls our attention to the case of Henderson v. Edwards, 191 Iowa, 871, 183 N. W. 583, 16 A. L. R. 1090, as laying down a rule for determining if proposed newly discovered evidence is cumulative. This court recognized the rule therein stated in Gray v. Harrison, 1 Nev. 502, which was approved in Wall v. Trainor, 16 Nev. 131.

We do not find it necessary to determine if the rule is applicable, since the court found there had been no showing of reasonable diligence to procure the evidence in question before the trial.

■ The question of residence of a plaintiff in a divorce suit is a fact to be proven in the same manner as any other fact alleged in the complaint. Walker v. Walker, 45 Nev. 105, 198 P. 433; Confer v. District Court, 49 Nev. 18, 234 P. 688, 236 P. 1097.

We cannot say that the trial court abused its discretion in denying the motion for a new trial.

■■ We come now to the contention that the court erred in refusing to make allowances to defendant for an attorney's fee and to cover other expenses incident to the making of her motion for a new trial.

It appears that counsel other than the one now

appearing for the defendant appeared in the trial court in her behalf. After a motion for allowances had been made by her then counsel, a written stipulation was entered into, fixing the allowances, wherein a flat fee was agreed upon. Nothing was stated in the stipulation about the fee agreed upon covering the making of a motion for a new trial and arguing the same, in the event the decision should be against the defendant. Subsequent to the decision in favor of the plaintiff, defendant's attorney during and prior to the trial withdrew from the case, and her present counsel entered it and made a motion for allowances of attorney's fee and costs incident to the making of the motion and arguing the same.

Affidavits as to the financial condition of the respective parties were filed in the matter. The trial court, in disposing of the motion, did not consider the question of financial ability. The affidavits filed by the parties would indicate that both are of very limited means. In the recent case of Lamb v. Lamb, 55 Nev. 437, 38 P.(2d) 659, we dealt with this situation.

The reason assigned by the court for refusing to grant any allowance is the fact that a stipulation had been entered into between the parties as to attorney's fees, court costs, etc., and for the further reason that it nowhere appears that the fees of the attorney pressing the motion for a new trial had not been paid or arranged for. Even had the court made an order as to these matters, it might have, for good cause, granted further allowances, and we do not think a stipulation such as the one entered into precludes the court making further allowances for good cause shown. The court is certainly not bound by an agreement of the parties as to alimony. Lewis v. Lewis, 53 Nev. 398, 2 P.(2d) 131; Holmes v. Holmes, 186 Ark. 251, 53 S. W.(2d) 226; Duss v. Duss, 92 Fla. 1081, 111 So. 382; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Wheeler v. Wheeler, 167 Okla. 598, 32 P.(2d) 305. The same reasoning applies to a stipulation as to allowances.

As to the other reason, we do not think it sound.

The defendant, in support of the motion, swore she was without means to prosecute the motion. Had she already provided funds to prosecute the motion, she and her attorney would certainly be guilty of an attempt to impose upon the court—fraud in fact—by making the motion and supporting it by affidavit. We think the court should have presumed, in the circumstances, that no provision had been made to cover the allowances requested.

It is ordered that the judgment and the order appealed from, denying the motion for a new trial, are affirmed. It is further ordered that the order denying allowances, except as to funds for transcribing the testimony taken at the trial, be and the same is reversed, and the case is remanded to the trial court, to pass upon the said motion in accordance with the views herein expressed.

On Petitions for Rehearing

September 10, 1935.

*Per Curiam:*

Good cause appearing therefore, it is ordered that the petition for a rehearing on behalf of the appellant be and is hereby denied, and that the petition for a rehearing on behalf of the respondent be and the same is hereby granted.

On Rehearing

February 4, 1936.

378

R. K. *Wittenberg*, for Appellant.

*Platt & Sinai*, for Respondent.

## OPINION

By the Court, COLEMAN, J.:

We granted a rehearing in this case to consider the contention of respondent to the effect that there is no record before us upon which we could properly determine whether or not the lower court erred in refusing to make allowances to appellant for an attorney's fee and to cover other expenses incident to the making of her motion for a new trial.

The record shows that the notice of appeal was served and filed on July 31, 1933, and that thereafter, on May 25, 1934, the bill of exceptions was settled by the trial judge.

The certificate settling the bill of exceptions, omitting formal caption, is as follows:

"The foregoing Bill of Exceptions hereby is certified as correct, the same being copies of the pleadings pertinent to the Appeal and a transcript of only those portions of the testimony pertinent to the Appeal upon the issue of the residence of plaintiff and certified by the Court Reporter to be a full, true and correct transcript of such portions, and containing all of the material evidence upon that issue and all of the pleadings, records and papers in the proceedings and in the trial and in the hearing of the Motion for a new trial; and containing all the material rules, decisions, orders, judgments or actions of the Court upon that issue, and that

said Bill of Exceptions was served and filed within the time provided by law, or within the time allowed by stipulations extending time; and said Bill of Exceptions has been and hereby is settled and allowed and as such it shall be and become part of the Record on Appeal in the suit entitled above.

"Dated:   May 25th, 1934"

The certificate as originally presented to the trial judge for his signature was evidently drafted on a typewriter at the instance of counsel for appellant, since the words in the certificate which are underscored were interlined in the handwriting of the trial judge.

It is the contention of counsel for respondent that in view of the fact that appellant did not appeal from the order refusing to make the allowances mentioned, and the further fact that the trial judge was extremely careful to limit the certificate settling the bill of exceptions, as to the testimony, to the question of residence only, there is no record before us upon which we can review the order of the trial court relative to allowances.

■ As to the contention that appellant did not appeal from the order refusing to make the allowances, we may say that it is not contemplated by our civil practice act that an appeal may be taken from every order made, but it does contemplate that upon an appeal from a judgment this court may review certain intermediate orders. (Sec. 8887 N. C. L., Stats. 1935, chap. 90, sec. 12.)   The motion of appellant for allowances, and the affidavits mentioned therein, in support of such motion, and some affidavits resisting the same, are in the files. Whether the trial judge was of the opinion that, in view of the fact that the appellant failed to state in her notice of appeal that she appealed from the order mentioned, this court would be precluded from considering the ruling on that point, or whether he was of the opinion that the tendered bill of exceptions did not contain all the affidavits and testimony on the point, we cannot say.

■ However, we think the contention that there is nothing in the bill of exceptions, as certified to by

the trial judge, to enable us to determine whether or not the order which was made was erroneous is well founded.

In our former opinion we did not pass upon the sufficiency of the showing made by appellant to entitle her to the allowances sought, but in consideration of the limitations of the certificate to the bill of exceptions we cannot say that any showing whatever was made entitling the appellant to allowances. This being true, there is no basis justifying a reversal of the order.

An order may be proper though a wrong reason may be given for it. Richards v. Vermilyea, 42 Nev. 294, 300, 180 P. 121. On appeal, error must affirmatively appear to justify a reversal. Water Co. v. Belmont Dev. Co., 50 Nev. 24, 249 P. 565.

The order heretofore entered herein, reversing a portion of the order appealed from denying allowances, is hereby vacated, and said order as to allowances is affirmed in its entirety.