## Montgomery *versus* Heilman.

1. A justice of the peace has no jurisdiction of an action brought by a distributee in the Orphans' Court to recover from an executor his distributive share. Nor can consent give jurisdiction so as to prevent objection thereto being made in a future trial of the cause.

2. Where, however, such a suit is instituted and by agreement of the defendant the case is tried before a justice of the peace and results in a judgment for plaintiff, and defendant takes an appeal to the Common Pleas, and afterwards the plaintiff in accordance with a rule of court files a sworn copy of his account and takes a judgment for want of an affidavit of defence, the defendant is estopped from objecting to the jurisdiction of the justice in order to destroy the validity of the judgment.

3. A rule of court provided that before judgment was entered for want of an affidavit of defence the plaintiff should "file, on or before the return day of the writ, with his declaration or statement when necessary, or, in cases of appeal, on or before the first day of the term to which the appeal is entered, an affidavit stating the amount he verily believes to be due from defendant, together with a copy of the book entries or instrument upon which the suit is brought; or where the claim is not evidenced by writing, a brief setting forth a full and detailed statement of the same, verified as aforesaid." The plaintiff in the above case, in due time, filed a sworn calculation of the amount due him "per auditor's report" in the Orphans' Court. *Held*, that this was a sufficient compliance with the rule, and in default of defendant filing an affidavit of defence within the stipulated time the plaintiff was entitled to judgment.

October 26th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Armstrong county:* Of October and November Term 1880. No. 104.

Appeal from a judgment entered by a justice of the peace in favor of Jacob Heilman against Thomas Montgomery.

The defendant was the executor of Jacob Heilman, Sr., and the suit was instituted against him on the following bill:

[Montgomery *v.* Heilman.]

THOMAS MONTGOMERY, Dr.,
To JACOB HEILMAN,

Jan'y 21, '79, amount of principal due per auditor's
    report of distribution of the estate of Jacob
    Heilman,                                                  $95.87
                     Cr. by cash paid,                 87.00
                                                  $8.87

The defendant was duly summoned, and the transcript of the docket of the justice, inter alia, recited : " Defendant appears and claims that the above claim is on record in the Orphans' Court of Armstrong. * * * Defendant appears and agrees to have the case tried before Justice Schall." The trial was had before the justice, and judgment entered for plaintiff for $8.87. The defendant appealed to the Common Pleas, and filed a transcript of the entries on the docket of the justice. On June 2d 1879 the plaintiff filed a sworn copy of his account as above, and on June 23d 1879 entered a judgment for $9.03 for want of an affidavit of defence.

The following was a rule of the court in regard to the entering of judgments for want of an affidavit of defence :

" In actions on recognisances, judgments, mortgages, liens of mechanics and material-men, municipal claims, transcripts from the Orphans' Court, book-accounts, bonds, bills, notes and other instruments of writing for the payment of money, and in all actions on express contracts for the payment of money, and whether the same be in writing or not, and in appeals from the judgments of justices of the peace, if the plaintiff shall file on or before the return day of the writ, with his declaration or statement when necessary, or in cases of appeal, on or before the first day of the term to which the appeal is entered, an affidavit stating the amount he verily believes to be due from the defendant, together with a copy of the book-entries or instrument upon which the suit is brought, or where the claim is not evidenced by writing, a brief setting forth a full and detailed statement of the same, verified as aforesaid, he shall be entitled to judgment at any time after twenty days from the return day of the writ, or in case of appeal from the first day of the term to which the appeal is entered, unless the defendant shall have filed an affidavit of defence setting forth fully the nature and character of the same."

The defendant obtained a rule to show cause why the judgment should not be stricken off, on the ground that the record showed, 1, That the claim was not within the Affidavit of Defence Law, and 2, That the justice of the peace had no jurisdiction of the cause of action. The court, Neale, P. J., discharged the rule, which action was assigned for error by defendant who took this writ.

*E. S. Golden,* for plaintiff in error.—Neither declaration nor

statement was filed, and hence the plaintiff did not bring himself within the rule, and his judgment was therefore unauthorized by it. Statement is a technical term, and means a substitute for the common-law *narr.* or declaration and does not mean a mere copy of the plaintiff's claim. Before the plaintiff can take judgment in any case for want of an affidavit of defence, his case before the court must exhibit upon its face jurisdiction in the court and a present obligation on part of the defendant to pay money. The practical test is, could the plaintiff go to the jury and recover on proof of the statement filed without more: Hon. J. T. Mitchell's Lecture on Motions and Rules 63; Dickinson *v.* McCausland, 3 W. N. C. 327; Imhoff *v.* Brown, 6 Casey 504; Commonwealth *v.* Pelletier, 8 W. N. C. 516.

A distributee in the Orphans' Court cannot sue before a justice of the peace for his distributive share. His remedy is exclusively in the Orphans' Court: Loomis's Appeal, 10 Barr 390. Consent will not give jurisdiction: Collins *v.* Collins, 1 Wright 387.

*M. F. Leason,* for defendant in error.

Mr Justice MERCUR delivered the opinion of the court, January 24th 1881.

It may be conceded that this cause of action was not within the jurisdiction of a justice of the peace. It is equally true that consent cannot give jurisdiction so as to prevent objection thereto being made in a future trial of the cause. It however is not obligatory on a party to interpose such objection. In this case, as appears by the record, after the claim was filed the plaintiff in error appeared and at first objected, but afterwards agreed that the case be tried before the justice, and it was so tried. On appeal to the Common Pleas he made no allegation of want of jurisdiction. He put in no plea; made no affidavit of defence as required by the rules of court, and permitted judgment to be entered against him. Thus by express agreement before the justice, and by his tacit consent afterwards, judgment was regularly entered. After this the court granted a rule to show cause why the judgment should not be stricken off, but subsequently discharged it. The alleged grievance of the plaintiff is that " the court erred in discharging the rule to show cause, and refusing to strike off the judgment for want of an affidavit of defence."

It is clearly shown by the rule of court and the opinion of the judge that the requisite time had elapsed after the affidavit of claim was filed to entitle the defendant in error to judgment for want of an affidavit of defence. It is urged, however, that if the record showed want of jurisdiction it dispensed with the necessity of putting in such an affidavit. The record did show a waiver of that question and an agreement to try the case on its merits. A

[Montgomery v. Heilman.]

view of the whole record created no presumption, and gave no notice that any objection would be taken to the jurisdiction. As the case then stood with jurisdiction agreed to, the action was subject to the same rule which applies to appeals from the judgment of a justice entered on a claim for money due. The attempt now is not to show want of jurisdiction in a pending action, nor that an affidavit of defence was not necessary, if under the showing of the record the court could entertain jurisdiction. Suppose when judgment was moved for the plaintiff in error or his counsel had risen in court and said " I interpose no objection by reason of want of jurisdiction. I expressly agreed to waive that and that the case should be tried before the justice on its merits and it was so tried. I still adhere to that agreement, and desire the court to pass upon the case as if there was undoubted jurisdiction," and the court had thereupon ordered judgment, the case would have been no stronger than it is now. It would have been an oral assertion of what his declaration of record was asserting to the eye of the court. Let us follow it a step further. Suppose he had suffered execution to issue on the judgment, and his property to be sold, could he then be permitted to question the validity of the judgment for want of jurisdiction in the justice? Could he maintain suit against the officer or purchaser resting on alleged want of jurisdiction? We think he would be estopped from so doing.

If then, under any circumstances, he would be estopped from interposing want of jurisdiction to destroy the validity of the judgment, why not under the admitted facts in this case? With full knowledge of the law, by his express agreement, he induced the defendant in error to incur the costs and expenses of a trial, and the justice and the prothonotary to render their services for which the statute gives them fees. He invited the judgment to be entered against him. Can he thus trifle with two courts, and also escape the application of the doctrine of equitable estoppel? We think not. He now attempts to avoid the payment of costs which he expressly induced the other party to incur. The judgment was regularly entered. His effort now is to contradict what he said of record before and at the time judgment was taken. He appealed to the sound discretion of the court either to open a judgment regular on its face or to strike it off for a cause shown by the record to be waived. The learned judge was right in refusing to disturb the judgment.

Judgment affirmed.

Mr. Justice TRUNKEY filed a dissenting opinion, in which Chief Justice SHARSWOOD and Mr. Justice PAXSON concurred.