[No. 2154]

## JESSE R. GRANT, Appellant, *v.* ELIZABETH CHAPMAN GRANT, Respondent.

[147 Pac. 451]

1. COURTS — ESTOPPEL TO DENY JURISDICTION — WAIVER OF OBJECTION.

   Where complainant, in a suit for divorce, averred under oath that he had resided within the county long enough to give the court jurisdiction, after judgment for defendant he could not have an order setting it aside without prejudice on the ground that he had not in fact been a resident of the county for the jurisdictional period; he having waived objection to jurisdiction of his person.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Peter J. Somers,* Judge.

Suit for divorce by Jesse R. Grant against Elizabeth Chapman Grant. Judgment for defendant, and, from denial of complainant's motion to set aside such judgment and for an order dismissing the proceedings without prejudice, he appeals. **Affirmed.**

*M. B. Moore,* for Appellant.

*Hoyt, Gibbons & French,* for Respondent.

By the Court, MCCARRAN, J.:

Appellant herein was plaintiff in the court below in an action in which he sued for a decree of absolute divorce from respondent herein.

It appears from the record that appellant, plaintiff in the court below, filed his complaint on the 23d day of July, 1913, and caused the issuance of summons upon the same day. On the 24th of July, 1913, pursuant to affidavit made by appellant, the court made an order directing the service of summons by publication. · Respondent herein, defendant in the court below, appeared and filed an answer to appellant's complaint. Issue being joined, the case went to trial on the 27th day of March, 1914. Judgment was entered by the trial court for the defendant, respondent herein.

Appellant's complaint, filed in the court below, and upon which said complaint summons was issued, set forth certain specific allegations, first, as to marriage, and, second, as to residence; his allegation as to the latter being as follows: "That the plaintiff is and has been a resident of the county of Esmeralda, and State of Nevada, for six months immediately preceding the commencement of this action."

On entering of judgment in this case, the trial court filed its findings of fact, in which, among other things, the court found: "That the plaintiff is, and has been for six months immediately preceding the commencement of this action, a resident of the county of Esmeralda, State of Nevada."

Subsequent to the entry of judgment in this case, appellant moved the trial court for an order setting aside the judgment entered in favor of the defendant and for an order dismissing the entire proceeedings without prejudice. The motion was made upon the ground that the court was without jurisdiction, inasmuch as the testimony adduced at the trial disclosed that the plaintiff was not a resident of Esmeralda County, the county in which the cause was tried, for a period of six months prior to the commencement of the action. This appeal

is taken from the order of the trial court denying appellant's motion in that respect.

We deem it unnecessary to dwell at length on the evidence presented to the trial court, bearing upon the period of residence of appellant. Suffice it to say that appellant herein testified on that occasion that he resided in the Goldfield Hotel, in the town of Goldfield, almost continuously from the 24th day of January, 1913.

Both parties to this action submitted to the jurisdiction of the court without question until after judgment had been entered, and then, for the first time, the plaintiff (he who in the first instance invoked the power of the court, and expressly declared himself within its jurisdiction) sought to challenge that jurisdiction, and thereby sought to have the court set aside a judgment entered against him, by his assuming a contrary position to that taken on the trial.

By appellant's express averment under oath, declaring that he had resided within Esmeralda County sufficient length of time to give the court jurisdiction, he thereby declared that the court had jurisdiction, and expressly invoked the power of the court to determine the merits of the controversy between himself and defendant. He thereby invoked the power of the court, whose jurisdiction he not only did not deny but expressly declared, to determine all matters alleged as facts in his complaint; and one of the matters alleged as a fact under oath in his complaint was the duration of his own residence.

In the case at bar, the trial court undoubtedly had jurisdiction over the subject-matter of the action. It was within the power of the trial court to determine jurisdictional facts, as much as it was within its power to determine any other facts involved in the controversy. The pleadings, on their face, expressly declared those facts essential to confer jurisdiction upon the trial court; and this entire matter might be determined in the one assertion that the trial court having heard evidence offered by the plaintiff as to jurisdictional facts, and having determined from that evidence that the plaintiff had

resided a sufficient length of time within Esmeralda County to bring himself within the jurisdiction of the court for the purposes sought, the court's determination and finding in that respect cannot be questioned by this means, in view of the fact that the court had general jurisdiction over the subject-matter of the action.

While the general rule is that jurisdiction over the subject-matter of an action cannot be conferred on a court by consent, it has been held that want of that jurisdiction over the person may be waived.

In this case the trial court had jurisdiction over the subject-matter. The plaintiff, by his verified complaint, declared the jurisdiction of the court over his person, and, pursuant to the declarations of his complaint and his prayer for affirmative relief, the court placed its processes at his disposal. The defendant having come into court and submitted herself to its jurisdiction, and the entire matter having been submitted to the court without questioning the jurisdiction, the plaintiff is estopped from questioning the jurisdiction of that court whose power and processes he invoked to secure the end which he sought, namely, dissolution of the bonds of matrimony. He cannot now be heard to challenge the court's jurisdiction, after a judgment has been rendered contrary to his prayer, which, if rendered in his favor, he would unquestionably have sought to enforce. The expression of other courts on this subject may be found in the following cases: *In Re Lipman* (D. C.) 201 Fed. 169; *Phelps* v. *Norman, et al.* (Tex. Civ. App.) 55 S. W. 978; *In Re Spring Street,* 112 Pa. 258, 3 Atl. 581; *Brown* v. *Woody, Admr.,* 64 Mo. 547; *Montgomery* v. *Heilman,* 96 Pa. 44; *Dufossat* v. *Berens, et al.,* 18 La. Ann. 539.

In the case of *Gamble* v. *Silver Peak,* 35 Nev. 319, 133 Pac. 936, this court held that although, as a general rule, a jurisdictional question may be raised at any time, however, a party by his conduct may become estopped to raise such a question.

The plaintiff in the court below, appellant herein, not

only consented to the jurisdiction of the trial court, but invoked that jurisdiction and allowed the matter to proceed to final judgment, by which final judgment, had it been in his favor, he would have bound the defendant; but, the judgment being in favor of the defendant, the plaintiff, who invoked the jurisdiction of the court in the first instance, cannot now be heard to question that jurisdiction.

It follows that the order of the lower court, in refusing to set aside the judgment and in denying the motion of appellant in that respect, should be affirmed.

It is so ordered.