[Civ. No. 3730. Third Appellate District.—March 18, 1929.]

FRANCES C. BOWMAN, Plaintiff and Respondent, v. HORACE D. BOWMAN, Defendant and Respondent; BRYAN HOUSTON BOWMAN, Cross-complainant and Appellant.

Hill, Morgan & Bledsoe, Vincent Morgan and Kenneth K. Wright, for Appellant.

F. F. Grant for Respondent.

McDANIEL, J., *pro tem.*—This appeal is from the judgment on the judgment-roll alone. Frances C. Bowman, as plaintiff, sued the defendants for annulment of the marriage of defendants Horace D. Bowman and Bryan Houston Bowman. The defendant Horace D. Bowman entered his voluntary appearance in the action, and by his answer admitted each and every of the allegations of the complaint herein and waived notice of the time of trial.

The defendant Bryan Houston Bowman answered with appropriate denials the averments of the complaint and set up in separate counts certain affirmative defenses. She also filed a cross-complaint, making both the plaintiff, Frances C. Bowman, and the defendant Horace D. Bowman cross-defendants. They duly answered the cross-complaint. Each of them filed an answer to the cross-complaint.

The court made findings of fact, conclusions of law and entered judgment in favor of plaintiff, vacating, annulling and setting aside the marriage of Horace D. Bowman and Bryan Houston Bowman, which was duly solemnized April 21, 1925; denying the application of Bryan Houston Bowman, the cross-complainant for relief. Judgment was entered December 31, 1926.

The appeal presents the question as to whether or not the conclusions of law were supported by the findings, and whether or not, in view of the findings of fact, the cross-complainant should have been granted the relief prayed for in her cross-complaint.

The findings show the action was tried August 27, 1926, by the court without a jury; the parties were represented by counsel. The court found that respondents Frances C. Bowman and Horace D. Bowman intermarried October 16, 1915, and ever since have been and now are husband and

wife; that on September 28, 1923, in the Superior Court of San Diego County, California, Frances C. Bowman, as plaintiff, commenced an action, numbered 40,292, and obtained an interlocutory decree October 13, 1923, entitling her to a final decree of divorce from Horace D. Bowman, after the lapse of one year; that on or about July 27, 1924, the said Horace D. Bowman and Frances C. Bowman, said husband and wife, became reconciled; that she forgave him the offenses constituting her said cause of action, and they lived together as husband and wife until October 22, 1924, when they again separated, she going to Pasadena to live and he to Los Angeles; that they were not living together as husband and wife at the time of the entry of the final decree, October 28, 1924. The remaining findings of fact and conclusions of law will be set out *verbatim*.

"IV.

"That at all times said defendant and cross-complainant Bryan Houston Bowman knew of the reconciliation and separation of the said Frances C. Bowman and the said Horace D. Bowman, and of the facts recited in paragraph III hereof.

"V.

"That on or about October 28, 1924, the said defendant Horace D. Bowman caused to be entered in the records of the Superior Court of the county of San Diego, state of California, in said action No. 40,292, a final decree of divorce, wherein and whereby it was purported to be decreed that the bonds of matrimony theretofore existing by and between the said Frances C. Bowman and the said Horace D. Bowman were dissolved; that said final decree of divorce further provided for the awarding of the custody of the minor children of the said marriage of the said Frances C. Bowman, and for the payment of certain sums of money for the support and maintenance of said children; that said Horace D. Bowman procured said final decree of divorce to be entered as aforesaid in the following manner:

"That on or about October 28th, 1924, the said Horace D. Bowman requested his attorney, David P. Hatch, to call by long-distance telephone, the attorney for the said Frances C. Bowman, and to request the said attorney for the said Frances C. Bowman to have said final decree of divorce entered; that the said Horace D. Bowman did not tell or

notify the attorney for the said Frances C. Bowman that he, the said Horace D. Bowman, and the said Frances C. Bowman had, prior thereto, become reconciled subsequent to the entry of the interlocutory decree of divorce in said action, or that the said parties had, after becoming reconciled, separated, and were at said time living separate and apart; that the said Horace D. Bowman did not notify the said attorney for the said Frances C. Bowman of any facts or matters, or make any statements or representations to him, other than to request him to have said final decree of divorce entered; that the said attorney for the said Frances C. Bowman thereupon, pursuant to the request of the said Horace D. Bowman, caused said final decree to be entered, by preparing said final decree and presenting it to the court for signing; that the said attorney for said Frances C. Bowman did not make any statements or representations to the court at the time of presenting the said final decree of divorce for the signature of the court, and did not make any disclosures to the court as to the prior reconciliation and separation of the said parties, and that at the time of the signing, filing and entering of said final decree of divorce, the court did not know that the said parties had, prior thereto, become reconciled, and had lived together as husband and wife, or that the said parties had thereafter, and prior to the signing, filing and entering of said final decree of divorce, separated, and were at said time living separate and apart.

"VI.

"That from and after the separation of the said Horace D. Bowman and the said Frances C. Bowman on or about the 22nd day of October, 1924, the said Horace D. Bowman and the said Frances C. Bowman continued to live separate and apart, and that the reconciliation previously effected by and between them on or about said date terminated, and that at the time of the signing, filing and entering of said final decree of divorce, the said parties were not living together as husband and wife, and that they continued to live separate and apart thereafter until long after the marriage of the said Horace D. Bowman and the said defendant and cross-complainant Bryan Houston Bowman.

"VII.

"That the said Horace D. Bowman did not notify the said Frances C. Bowman of the fact that he had, through her

attorney, caused said final decree of divorce to be signed, filed and entered on or about October 28th, 1924, until some time during the early part of January, 1925; that in causing said final decree of divorce to be signed, filed and entered as aforesaid, the attorney for the said Frances C. Bowman did not, prior thereto, inquire of the said Frances C. Bowman as to whether or not she desired said final decree of divorce to be signed, filed and entered, and did not thereafter notify her of the fact that said final decree had been signed, filed and entered; that the said Frances C. Bowman first knew of the fact that said final decree had been filed and entered about or during the first part of January, 1925; that thereafter the said Frances C. Bowman made no effort whatsoever to cause said final decree of divorce to be set aside or vacated until after the marriage of the said Horace D. Bowman to the said Bryan Houston Bowman, but, on the contrary, the court finds that the said Frances C. Bowman, upon being informed of the fact of the entry of the said final decree of divorce in the early part of January, 1925, acquiesced therein, expressed satisfaction therewith, and was willing and desirous that said decree stand as a valid and subsisting final decree of divorce until after the marriage of the said Horace D. Bowman and the said Bryan Houston Bowman, when for the first time said Frances C. Bowman manifested any desire to, or did make any effort whatsoever, to have said final decree of divorce set aside, annulled or vacated.

## "VIII.

"That on the 21st day of April, 1925, the said Horace D. Bowman and the said defendant and cross-complainant Bryan Houston Bowman were intermarried, and thereafter to and until about the 1st day of October, 1925, lived together as husband and wife; that the said Frances C. Bowman became aware of the marriage between the said Horace D. Bowman and the said defendant and cross-complainant Bryan Houston Bowman on or about the 1st day of May, 1925; that at all times after said marriage of the said Horace D. Bowman and the said Bryan Houston Bowman, the said parties resided in the city of Santa Monica as husband and wife up to or about the 1st day of October, 1925, and that during all of the said period the said Frances C. Bowman was also residing in the said city of Santa Monica; that on

or during the month of August, 1925, the said Horace D. Bowman and the said Bryan Houston Bowman began to have difficulties, and thereafter the said Horace D. Bowman entertained the idea of having the marriage of himself and the said Bryan Houston Bowman annulled; that thereupon the said Horace D. Bowman and the said Frances C. Bowman entered into an agreement and conspiracy in which they conspired and agreed that the said Frances C. Bowman should appear before the Superior Court of the County of San Diego in the aforesaid divorce action No. 40,292, and represent to the court in said action that the said final decree of divorce, filed and entered in said action, had been obtained against her consent, and that at the time of the filing and entering of said final decree of divorce, that she and the said Horace D. Bowman were reconciled, and were living together as husband and wife, and that she, the said Frances C. Bowman, never at any time desired said final decree of divorce to be filed and entered, and that she had never acquiesced therein, and that she, upon learning of the filing and entering of said final decree of divorce, proceeded with due diligence to have said final decree of divorce vacated, annulled and set aside, and it was further agreed by and between the said Horace D. Bowman and the said Frances C. Bowman that the appearance and motion of the said Frances C. Bowman for the annulment and vacation of the said final decree of divorce should be kept secret from the said Bryan Houston Bowman, and that the said Bryan Houston Bowman should not be notified thereof, and that the said Horace D. Bowman would make no opposition to said appearance or said motion, but would acquiesce therein, and would do all that he could to aid and assist the said Frances C. Bowman in procuring and obtaining an order annulling and setting aside said final decree of divorce.

"IX.

"That court further finds that thereafter, pursuant to said agreement and conspiracy, the said Frances C. Bowman filed in the Superior Court of the county of San Diego, in the aforesaid divorce action No. 40,292, a notice of motion that she, the said Frances C. Bowman, would, on November 2nd, 1925, move said court for an order vacating and setting aside the final decree of divorce theretofore filed and entered in said action; that in support of said motion, the

said Frances C. Bowman filed, and caused to be filed, certain affidavits, including an affidavit signed and sworn to by her; that in said proceedings the said Frances C. Bowman was represented by F. F. Grant, an attorney at law, who had been her attorney of record at all times in said action; that no notice of said motion was given to the said Bryan Houston Bowman, and no papers or process served upon her, but that said proceedings were kept secret from the said Bryan Houston Bowman, and that she had no knowledge or information thereof; that in the affidavit signed and filed by the said Frances C. Bowman in support of said motion to set aside and vacate said final decree of divorce, the said Frances C. Bowman, pursuant to said agreement and conspiracy with the said Horace D. Bowman, alleged and set forth, that subsequent to the interlocutory decree of divorce, there had been a reconciliation between her and the said Horace D. Bowman, and that at the time of the entry of said final decree of divorce, to-wit, on October 28th, 1924, that she and the said Horace D. Bowman were reconciled and living together as husband and wife; that she did not know of or consent to the entering of said final decree of divorce; that she did not want a divorce; that the said defendant did not tell her that he had entered a final decree of divorce, but that later she learned that he had secured a final decree of divorce 'away back in the month of October, 1924'; that the said Frances C. Bowman further recited in said affidavit that very soon after she learned that the final decree of divorce had been entered, she began to find out what she could do about setting aside said final decree of divorce, and that she consulted with friends and some attorneys concerning the possibility of having said final decree of divorce set aside and vacated; that the said Frances C. Bowman did not, by affidavit or otherwise, inform the court, on the hearing of said motion to set aside and vacate said final decree of divorce, that at the time of the entry of said final decree of divorce, that she and the said Horace D. Bowman were living separate and apart, or that their prior reconciliation had been terminated, nor did she, by affidavit or otherwise, inform the court, on the hearing of said motion, nor was the court informed by anyone, that the said Frances C. Bowman upon hearing of the filing and entering of said final decree of divorce during or about the 1st day of January,

1925, acquiesced therein or expressed satisfaction therewith, or that she, the said Frances C. Bowman, did not, for a period of seven or eight months thereafter, make any effort, or take any steps, to have said final decree of divorce set aside, annulled or vacated; that the said Horace D. Bowman did not make any opposition to the granting of said motion, nor file any contest thereto, but, on the contrary, pursuant to his agreement and conspiracy as aforesaid with the said Frances C. Bowman, the said Horace D. Bowman, by his silence and acquiescence and failure to contest, and by actively aiding the said Frances C. Bowman in the filing of said motion, and in keeping secret from the said Bryan Houston Bowman all knowledge or information concerning said proceedings and motion, permitted the court to believe on the hearing of said motion that he had perpetrated a fraud upon said court in having said final decree of divorce signed, filed and entered.

## "X.

"The court further finds that the purpose and motive of the said Horace D. Bowman in conspiring and agreeing with the said Frances C. Bowman as aforesaid, and in doing, and failing to do, the things aforesaid, was to enable him, the said Horace D. Bowman, to obtain a decree of annulment, annulling and setting aside the marriage which he had prior thereto contracted with the said Bryan Houston Bowman, and to enable him, by so doing, to defeat and defraud the said Bryan Houston Bowman of her rights growing out of said marriage, and that the motives of said Frances C. Bowman were to enable her and the said Horace D. Bowman to defeat and defraud the said Bryan Houston Bowman of her rights growing out of the said marriage, and to enable her to maintain this action to annul and set aside said marriage; that thereupon and pursuant thereto, and without being advised as to all of the true facts, the Superior Court of San Diego county, in said case No. 40292, granted the motion of the said Frances C. Bowman, and caused an order to be signed, made, filed and entered, setting aside, vacating and annulling the final decree of divorce theretofore entered in said action on October 28, 1924; that the said defendant, Bryan Houston Bowman, was not present at the hearing of said motion, nor was she represented by counsel, or anyone; that she had no opportunity to be present at the hearing

of said motion, and had no knowledge thereof, and no opportunity to defend herself.

## "XI.

"The court further finds that pursuant to the said conspiracy and agreement by and between the said Horace D. Bowman and the said Frances C. Bowman, the said Frances C. Bowman, after obtaining said order setting aside and annulling said final decree of divorce, commenced this action to annul and set aside the marriage between the said Bryan Houston Bowman and the said Horace D. Bowman, and that the said Horace D. Bowman, although a party defendant in this action, has at all times during the pendency of this action, actively aided and assisted the said Frances C. Bowman in the prosecution of this action against the said defendant and cross-complainant, Bryan Houston Bowman.

## "XII.

"The court further finds that subsequent to the signing, filing and entry of the said final decree of divorce in said action No. 40,292, the said plaintiff, Frances C. Bowman, accepted the provisions and benefits of said final decree of divorce, by receiving and accepting from the said Horace D. Bowman the amounts of money provided in said decree for the support and maintenance of the children named in said decree until said decree was set aside and annulled, as hereinbefore set forth.

"As conclusions of law from the foregoing findings of fact the court finds:

"First: That the said defendant and cross-complainant, Bryan Houston Bowman, was not a necessary or indispensable party to the proceedings had in the Superior Court of San Diego county in case No. 40,292, wherein the said Frances C. Bowman sought and obtained an order setting aside, annulling and vacating the final decree of divorce theretofore filed and entered in said action, and was not entitled to notice of said proceedings, nor to the service of any of the papers therein, and is not entitled to complain of the procuring of the order setting aside and vacating said final decree.

"Second: That the said Bryan Houston Bowman is not entitled to a judgment vacating or annulling the order of said Superior Court setting aside said final decree of divorce in said action, nor is she entitled to a judgment that said

final decree of divorce be restored or declared to be a valid and subsisting final decree of divorce, nor is she entitled to any relief whatsoever.

"Third: That the said plaintiff, Frances C. Bowman, is entitled to a judgment vacating, annulling and setting aside the marriage between the said Horace D. Bowman and the said Bryan Houston Bowman.

"That each party pay his or her costs.

"Let judgment be entered accordingly."

Appellant contends that the learned trial court erred and judgment should be reversed for the following reasons:

1. That the appellant, Bryan Houston Bowman, was a necessary and indispensable party in the action or motion to set aside the final decree of divorce.

2. Irrespective of whether appellant was a necessary or proper party to the proceeding to vacate the final decree of divorce, she is entitled, as one whose rights have been injuriously affected thereby, to complain of the fraud practiced upon the court, and to have said order set aside in an independent suit in equity.

3. That the fraud practiced in procuring the setting aside of said final decree of divorce was extrinsic and not intrinsic fraud.

4. That the respondents, under the facts found by the court, were estopped to attack or in any way set aside said final decree of divorce.

Respondents, in their reply brief, call attention to an omission in appellant's statement of facts of a fact admitted in appellant's answer, to wit: "The trial court was informed at the hearing on the motion to vacate the final decree of divorce that Horace D. Bowman had entered into a second marriage with Bryan Houston Bowman," and argues in support of the order in the proceedings for vacating the final decree and the judgment in this suit, "that the order setting aside the final decree was in all respects a proper order; that no fraud was committed in procuring the said order, and that, therefore, such order must be permitted to stand."

Respondent, although not an appellant, criticises the findings of the trial court herein to the effect that Horace D. Bowman and Frances C. Bowman, the first wife, entered into a conspiracy to set aside the final decree and to institute the annullment action. After quoting the definition of

conspiracy as being, ''a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means,'' and citing in this connection the case of *Pettibone* v. *United States,* 148 U. S. 197 [37 L. Ed. 419, 13 Sup. Ct. Rep. 542, see, also, Rose's U. S. Notes], argues, in reliance upon said authority, that the trial court should have found herein that Frances C. Bowman and Horace D. Bowman, acting in concert, did absolutely nothing in connection with the setting aside of the final decree or the bringing of this action, except to take legal and lawful steps; that the court found improperly that they conspired together or entered into a conspiracy.

That contention seems to overlook the charge herein in that the respondents conspired to accomplish the unlawful purpose of defrauding the second wife, Bryan Houston Bowman.

Briefly stated, said respondent further argues that the said final decree of divorce was procured by extrinsic fraud upon the court; that the fact that the reconciliation had terminated had no bearing upon the questions of law involved; that the order setting aside the final decree was properly made; that no fraud was committed upon the superior court of San Diego County in obtaining the order setting aside the final decree; that the fact of Horace D. Bowman's second marriage did not deprive the court of power to set aside the final decree; that no grounds were shown herein sufficient to invalidate the order setting aside the final judgment, and, in conclusion, urges some general considerations expanding, recapitulating, and adding to his said several points.

The foregoing statement of facts and arguments indicates interesting features of this suit, but our conclusions upon the essential legal propositions involved make it unnecessary to follow respective counsel in all their able and well-presented points and authorities.

We determine that, irrespective of whether appellant was a necessary or proper party to the proceeding to vacate the final decree, she was entitled to notice of the application, as one whose rights as a wife have been injuriously affected by the order vacating the final decree of divorce, and that she is entitled to complain of the fraud practiced upon the

court and upon herself, and, by her cross-complaint in equity, have the said order set aside and annulled.

In *Bennett* v. *Wilson*, 122 Cal. 509 [68 Am. St. Rep. 61, 55 Pac. 390], the court said: "The general rule is, that none but the parties to a judgment can have it set aside. But this rule is not without its exceptions, and third parties— persons not nominal parties—who are necessarily affected by the judgment, may be protected from its operation." This rule is reaffirmed by the supreme court in the same case, *Bennett* v. *Wilson*, 133 Cal. 379 [85 Am. St. Rep. 207, 65 Pac. 880].

*Carlisle* v. *Carlisle*, 96 Mich. 128 [55 N. W. 673], was a case where the plaintiff obtained a decree of divorce which subsequently was set aside. Anna E. Carlisle, the second wife, who had not been given notice of the proceedings to set aside the decree of divorce, intervened, and on her petition, the order vacating the decree was set aside.

In that case, as in the case at bar, it was contended that as the second wife was not a party to the original suit of divorce, and, therefore, not a party to subsequent proceedings in that case, she was not entitled to notice, and could not intervene, even though the effect of the proceeding would be to destroy her rights as a legal wife. The court held she was entitled to notice of the proceeding to vacate the decree and, also, to maintain an independent action to set aside the judgment. The court said, in part, after an exhaustive review of the authorities: "To hold that in such a case the second wife, who had in good faith relied upon the decree sought to be set aside, was not entitled to notice, and had no right to intervene, would be rank injustice."

Respondent herein on page 26 of his brief says: "When the Superior Court knew that Bowman had remarried, it then became the province and duty of the court to consider the interests of the second wife." Respondent then quotes with approval 2 Bishop, Marriage, Divorce and Separation, section 496, relating to the sacred obligation upon the trial court in a divorce proceeding to look after the interest of all who cannot be present, as well as the rights of the public, and then continues: "The foregoing rules are of universal application in divorce actions. When it was once brought home to the trial court that Horace D. Bowman had remarried, that court must of necessity have taken that fact

into consideration and weighed thát fact in exercising its discretion. *The court might, had it so desired, brought the second wife before it or made such further investigation as the Judge thereof deemed necessary to reveal those facts which would govern it in the exercise of a sound, judicial discretion.*" (Italics ours.)

It is further argued that as the court knew of the reconciliation, there was little else in the way of information, which could have been given, which would have affected the court's discretion, which it exercised in giving due consideration to the rights and status of all parties concerned.

We agree with the propositions of law pertaining to the sacred duty of the trial court to protect all concerned. If, however, under the facts as stated by respondent it was a matter of discretion, we are convinced that the exercise of a wise and sound discretion would have required the court to issue its order that the second wife, Bryan Houston Bowman, be given her day in court and the application to be heard under the provisions of section 389 of the Code of Civil Procedure.

The granting of the motion to vacate the final decree prejudiced the rights of the cross-complainant, because it *ipso facto* destroyed her marriage. (Sec. 61, Civ. Code.) *Rowland* v. *Horst,* 188 Cal. 772 [207 Pac. 373], cited by appellant, is as follows: "Necessary parties to an action in the capacity of defendants are those who are interested in resisting the demands of the plaintiff either immediately or consequently and whose rights would be prejudicially affected by the controversy." See, also, *Wickersham* v. *Comerford,* 96 Cal. 433 [31 Pac. 358] ; *Bergin* v. *Haight,* 99 Cal. 52 [33 Pac. 760] ; *Estate of Seaman,* 51 Cal. App. 409 [196 Pac. 928] ; *Murray* v. *Murray,* 115 Cal. 266 [56 Am. St. Rep. 97, 37 L. R. A. 626, 47 Pac. 37]. Other authorities having more or less bearing on this point will be referred to later.

The second reason we find which would indicate that the judgment in this case should be reversed is that, in our view, the order made in the proceedings in the divorce suit after the entry of the final decree was void, as being in excess of the jurisdiction of the court, because: 1. Frances C. Bowman was guilty of laches, as affirmatively appears in findings VII and IX, in delaying her application for suit

herein from the early part of January, 1925, when it is found she first knew of the entry of said final decree, until November 2, 1925, a delay of approximately ten months; 2. She was estopped from the right to make application for an annullment of the final decree, as it affirmatively appears from said findings that when she first learned of the final decree in the early part of January, about three months after her own counsel had applied for and obtained the said decree on October 28, 1924, she acquiesced therein, expressed satisfaction therewith, and was willing and desirous that said decree should stand as a valid and subsisting decree. After she learned of the marriage of Horace D. Bowman to Bryan Houston Bowman, which took place in April, 1925, Frances C. Bowman accepted all of the benefits granted her by the said decree in the way of support, maintenance and the custody of minor children, etc. She thereby confirmed and ratified the action of her attorney, Mr. Grant, in causing the issuance of said final decree. She made no effort thereafter to have said decree set aside until November 2, 1925, more than a year after its issuance, by which time the trial court had lost jurisdiction to vacate it or set it aside, under the well-established law of this state.

*Wheelock* v. *Superior Court of San Diego County*, 67 Cal. App. 601 [227 Pac. 931], was a proceeding in prohibition to restrain the superior court from vacating a final decree of divorce. The court therein said: "If the motion which was finally made to respondent court more than seven months after the entry of the final decree of divorce be regarded as one invoking the inherent power of the court to set aside orders and judgments procured through fraud, irrespective of the provisions of section 473 of the Code of Civil Procedure, it is unseasonably late." That case is based on facts similar in some respects to those involved in the proceedings before the trial court on the motion to vacate the final decree of divorce. It reviews many California decisions and we believe is controlling in principle upon the issue here. We cite, also, *Consolidated Construction Co.* v. *Pacific Electric Ry.*, 184 Cal. 244 [193 Pac. 238]; 19 Cor. Jur. 170, sec. 424.

In her application to the trial court in the divorce proceedings to vacate the final decree Frances C. Bowman concealed from the court the fact that she had accepted, acqui-

esced in and expressed satisfaction with said final decree, and her wish and desire that it stand as a valid and subsisting decree for months after its issuance. That concealment was fraud practiced by her upon the court and undoubtedly fraudulent as to the cross-complainant and appellant herein. Whether or not this was extrinsic and not intrinsic fraud need not here be decided. As shown, there are other ample grounds for the reversal of the judgment in this case.

The judgment is reversed and the cause remanded, with directions to the trial court to enter its judgment against the plaintiff, Frances C. Bowman, denying her prayer for annullment of the marriage of Bryan Houston Bowman with Horace D. Bowman. It is further ordered that judgment be entered in favor of Bryan Houston Bowman, appellant and cross-complainant, as prayed for in her cross-complaint, against both the said cross-defendants; and that the order made in action entitled *"Frances C. Bowman v. Horace D. Bowman,"* number 40,292, in said superor court, purporting to set aside and vacate the final decree in said action, be set aside, vacated, and annulled, and that the said final decree of divorce therein stand as a subsisting and valid decree of divorce, dissolving the bonds of matrimony formerly existing between Frances C. Bowman and Horace D. Bowman, and that appellant have and recover all her costs herein.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1929.

Richards, J., and Langdon, J., dissented.