## Commonwealth v. Greninger

*Robert L. Wise*, for Commonwealth.
*Ambrose Campana*, for defendant.

PER CURIAM, November 19, 1956.—Hugh MacArthur is the duly elected alderman of the Twelfth Ward of the City of Williamsport. Defendant, Earl F. Greninger, charged with "indecent assault" was given a preliminary hearing before Alderman MacArthur in the Williamsport City Hall which is located in the Third Ward of the City of Williamsport. The alderman held defendant for court and has returned his transcript to court. Defendant now moves to quash the transcript.

Defendant argues that Alderman MacArthur cannot conduct a hearing outside the limits of his district and that the proceedings in this case are void.

It is true that a justice of the peace or an alderman shall keep his office in the ward, borough or township for which he has been elected: Act of June 21, 1839, P. L. 376, §13. However, in the instant case the transcript shows that a full hearing was held before

Alderman MacArthur without objection from defendant. It also shows that Alderman MacArthur had been appointed city magistrate by the mayor of Williamsport, and that he was requested to act in place of the mayor, the mayor being unwilling to act as a magistrate under the Third Class City Law which gives him that power.

A statutory limitation on the jurisdiction of a justice of the peace, restricting it to the township or ward wherein he was elected and resides, is in the nature of a limitation of venue, not affecting jurisdiction over the subject matter and, therefore, can be waived. Objections to jurisdiction over the person may be waived. An objection to the jurisdiction of a justice of the peace or alderman on the ground that he held the hearing outside his township or ward is waived where defendant appears and cross-examines witnesses as was done in this case: State of Ohio ex rel. Raydel v. Raible, 117 N. E. 2d 480, 40 A. L. R. 2d, 950; Bristol Manufacturing Co. v. Smith, 6 Dist. R. 332; Montgomery v. Heilman, 96 Pa. 44.

Also the Act of June 28, 1951, P. L. 662, secs. 1017 and 1207, 53 PS §12198-1017 and 1207 provides:

"Any alderman of the city may, at the request of the mayor or acting mayor, where either is for any reason unable or unwilling to act, attend the mayor's police court, and there perform all such duties and exercise all such powers as to which he has concurrent jurisdiction with the mayor, and for such services shall be allowed such compensation as council shall provide.

"The mayor shall have the criminal jurisdiction of an alderman within the city . . . and shall have no civil jurisdiction except in relation to actions for penalties, or forfeitures imposed by virtue of the ordinances of the city or the laws of the Commonwealth relating thereto."

Alderman MacArthur had jurisdiction to hold hearings in the city hall under the Act of June 28, 1951, P. L. 662, supra. Had there been no jurisdiction, because of the place where the hearing was held, the actions of defendant in entering into a hearing would have constituted a waiver of the jurisdiction.

### Order

And now, November 19, 1956, the motion to quash transcript in above case is dismissed and refused.