PAUL F. MOORE AND MARY COE MOORE, APPELLANTS, *v.* V. BENDA CHATHAM MOORE, RESPONDENT.

No. 4126

April 1, 1959                                          336 P.2d 1073

*John P. Thatcher,* of Reno, for Appellant Paul F. Moore.

*Adams, Reed and Bowen,* of Reno, for Appellant Mary Coe Moore.

*Lloyd V. Smith,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

This appeal attacks a summary judgment of the court below, in favor of respondent and against appellants, which set aside a prior order of that court vacating an earlier divorce decree granted to Paul F. Moore v. Mary Coe Moore. It is our conclusion that the judgment from which the appeal is taken must be affirmed. For convenience, the parties will be referred to by their given names.

Paul obtained a decree of divorce from Mary in the district court of Washoe County on October 5, 1955, and on the following day married Benda. In 1957 new attorneys were substituted for both Paul and Mary, and on May 14, 1957, Mary's attorney called the court's attention to the transcript of the testimony in the divorce action indicating a questionable residence to support the divorce decree and the court told him that upon the filing of a satisfactory stipulation, the court would sign an order setting aside the decree.

On June 28, 1957, such stipulation, signed by the new attorneys for Paul and Mary, was filed, together with

respective letters of attorney executed by Paul and Mary in the State of Massachusetts some days earlier and together with an affidavit executed by Paul in Massachusetts swearing that his former testimony as to his residential intent was false. Thereupon, on June 28, 1957, the court, without notice to Benda, entered its order vacating the divorce decree. At the time such order was made, Paul and Benda were still living together as husband and wife in Massachusetts.

On November 19, 1957, Benda, learning of the entry of the order setting aside the decree divorcing Mary and Paul, and which in effect nullified Benda's marriage to Paul, filed her complaint against Paul and Mary, alleging fraud and praying for a judgment vacating the order setting aside the divorce decree. Paul and Mary answered through separate counsel. On March 13, 1958, the court filed a decision granting Benda's motion for summary judgment and setting aside the order vacating the divorce decree and restoring such decree. Findings, conclusions and judgment followed.

In its written decision granting Benda's motion for a summary judgment, the court said: "Had there been a full and complete hearing, in which *all interested parties* had been afforded their 'day in court,' I warrant that the order herein vacated would never have been made or entered." (Emphasis supplied.) It is established by the affidavit of Mary's attorney that at the time he first called the matter to the court's attention on May 14, 1957, he did inform the judge of the district court of the fact of Paul's remarriage. It is quite apparent, however, from the court's statement above quoted that it did not have such information in mind at the time it vacated the divorce decree, or it would not have vacated the order without notice to Benda or without affording her an opportunity to be heard.

Counsel for Paul and counsel for Mary joined in the briefs for the appellants and both argued the case orally on behalf of the appellants. Appellants attack the trial court's findings to the effect that Paul was a bona fide resident of Washoe County, Nevada, at the time he commenced his action for a divorce from Mary, and that

the court had jurisdiction of the subject matter of the divorce action and of the parties. They contend that, on the contrary, it appears from the face of the record that neither Paul's residence in the state nor his residential intent was sufficient to give the court jurisdiction to decree a divorce.[1] They, accordingly, assert that the divorce decree was void on the face of the record.

This contention cannot be supported. Paul alleged in his divorce complaint that he was and had been for more than six weeks prior to the commencement of the action a bona fide resident of Washoe County, Nevada, actually and corporeally present and residing in said county during all of said period. He testified to the establishment of his residence in the county and that it was his intention to make this state his home, and that from the time of establishing such residence, he had no home anywhere other than in this state. He then testified to several absences because of business, but showed that the aggregate of the periods of his corporeal presence within the state before the verification and filing of his complaint was more than six weeks. The court found that the allegations of his complaint were true and, as above noted, that he was such resident. In contending that the decree was void on the face of the record, appellants assert in effect that Paul's temporary absences after coming to Nevada fully rebut and contradict his testimony of his residential intent. Both his residence and his intent, however, were factual matters for the court's determination to like extent as any other matters of fact. Covington v. Second Judicial District Court, 56 Nev. 313, 50 P.2d 517; Drespel v. Drespel, 56 Nev. 368, 45 P.2d 792, 56 Nev. 377, 54 P.2d 226; Grant v. Grant, 38 Nev. 185, 147 P. 451.

The seeming inconsistency between Paul's avowed residential intent on the one hand and the fact of his absences from the state on the other presented a factual

---

[1] "* * * [N]o court shall have jurisdiction to grant a divorce unless either the plaintiff or defendant shall have been resident of the state for a period of not less than 6 weeks preceding the commencement of the action." NRS 125.020.

problem which it was the function of the trial court to resolve. If the residence in fact be insufficient to confer jurisdiction over the marital res, such would have to be determined in a review of the manner in which the trial court had exercised its authority to resolve the factual problem confronting it. Under these circumstances, the divorce decree was not void on the face of the record, but at the most voidable.

"[A]nd the rule in such cases is, that if there be a total defect of evidence to prove the essential fact, and the court find it without proof, the action of the court is void; but when the proof exhibited has a legal tendency to show a case of jurisdiction, then, although the proof may be slight and inconclusive, the action of the court will be valid until it is set aside by a direct proceeding for that purpose. Nor is the distinction unsubstantial, as in the one case the court acts without authority, and the action of the court is void; but in the other the court only errs in judgment upon a question properly before the court for adjudication, and of course the order or decree of the court is only voidable. [citing cases]" New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U.S. 656, 660; 23 L.Ed. 336. The foregoing case has been cited with approval on many occasions and we may consider the rule well settled. Accord: Pena v. Bourland, 72 F.Supp. 290, 294; and Commonwealth ex rel. Howard v. Howard, 138 Pa. Super. 505, 10 A.2d 779.

This is not to say that on direct attack in a proper proceeding it could not be determined that Paul's residence was insufficient to confer jurisdiction for divorce. However, as the divorce decree was voidable only, proceedings to set it aside, whether by motion in the cause,[2]

[2]Respondent also sustains the judgment vacating the order to set aside the decree because the order setting aside the decree was not made within six months thereafter. NRCP 60(b). This rule requires that motions to relieve a party from a final judgment on the ground of mistake, inadvertence, surprise or excusable neglect or fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment, must be made not more than six months after such judgment or order. A motion to set aside the judgment on the ground that it is void, however, is not required to be made

or by an independent action, could be effectively had only by notice to all parties who would be affected by the relief sought. In Zeig v. Zeig, 65 Nev. 464, 482, 198 P.2d 724, 732, this court said, "Obviously, the court could not then make any valid determination of the motion to vacate, for the further reason that such motion had not been set for hearing * * *. It clearly appears that neither side had, properly speaking, their day in court, and that the court was entirely without jurisdiction to make, and could not under such circumstances make, a valid determination of the motion to vacate the judgment or decree of divorce, and its attempt to do so was error." See annotation 12 A.L.R.2d 153, "Vacating or setting aside divorce decree after remarriage of party." It is recognized that remarriage of a party does not of itself deprive the court of the power to vacate the divorce decree. This we held in Smith v. Smith, 68 Nev. 10, 226 P.2d 279. The A.L.R. annotation refers to Bowman v. Bowman, 97 Cal.App. 613, 275 P. 1023, and Carlisle v. Carlisle, 96 Mich. 128, 55 N.W. 673 (which cases we also cited in Smith v. Smith, supra), to the effect that whether or not the second spouse of one of the divorced parties is a necessary party to a proceeding to vacate the decree, he is entitled to notice and without such notice an order vacating the decree will be set aside. See Carpenter v. Carpenter, 244 N.C. 286, 93 S.E.2d 617. In Bowman v. Bowman, supra, the court said [97 Cal.App. 613, 275 P. 1028] :

"We determine that, irrespective of whether appellant was a necessary or proper party to the proceeding to vacate the final decree, she was entitled to notice of the application, as one whose rights as a wife have been injuriously affected by the order vacating the final decree of divorce, and that she is entitled to complain

---

within six months. Appellants say that the setting aside of the judgment was not made under Rule 60(b) ; that they made no motion at all; that the order was made of the court's own motion; that in any event, as the reason for setting aside the decree was that the same was void, it is not limited by the six months' rule. As the judgment from which the appeal is taken must be sustained for the reasons herein appearing, it is unnecessary to pursue this question.

of the fraud practiced upon the court and upon herself, and, by her cross-complaint in equity, have the said order set aside and annulled."

We have noted that not only did Benda have no notice but that she was actually living with Paul at the time that he, with the assistance of Mary, was preparing and taking proceedings to reinstate his marriage with Mary and thus annul his marriage to Benda. Under the circumstances set forth and the other facts appearing in the record, there was no error in the judgment which vacated the order setting aside the divorce decree which in effect annulled the marriage to Benda.

The findings of the trial court suggest a determination that the decree was neither void nor voidable, but was valid. We do not go so far in our affirmance. We but hold that the decree not being void, but at most voidable, the proceedings to set it aside without notice to Benda were ineffectual. This in effect leaves the parties in the same position they occupied at the time that Paul and Mary sought to set aside their divorce decree. This is the same position in which the district court left the parties in Smith v. Smith, and which we approved. The judgment in this respect must then be affirmed.

In entering judgment in favor of Benda the court also ordered that she be allowed an attorney fee of $7,000. No statute of this state and no decision of this court authorizes such judgment or order. The judgment must, therefore, be modified by eliminating the provision for payment of attorney fees.

It is ordered that the judgment of the district court be modified by striking therefrom the order for the payment to respondent of $7,000 attorney fees, and that as so modified, the judgment is affirmed.

MERRILL, C. J., and MCNAMEE, J., concur.