E. M. GUNDERSON, Substituted for RUSSELL TAYLOR, as Guardian of the Person and Estate of CARLITA RAY, an Infant, Appellant, *v.* ROBERT E. BARRINGER, L. O. HAWKINS and HOWARD W. CANNON; IDA ANGELOT RAY, CARL REED, and RALPH STEINER, as Trustees of the Estate of CARL RAY, Deceased, Respondents.

No. 4200

March 23, 1960                    350 P.2d 397

(See also 75 Nev. 409, 344 P.2d 676.)

*E. M. Gunderson,* as guardian of the person and estate of Carlita Ray, an infant, in propria persona.

*Hawkins and Cannon,* of Las Vegas, for Respondents.

**OPINION**

By the Court, McNAMEE, C. J.:

Appellant filed in the court below a complaint for declaratory judgment. Appeal is from the order dismissing the action as to defendants Barringer, Hawkins, and Cannon.

Matters pertaining to the estate of Carl Ray, deceased, have had the consideration of this court over the past nine years. The parties to the present action all are interested in said estate or in property that was a part of said estate at the time of decedent's death. As a result of our several decisions certain rights of the parties in and to certain of the assets have been adjudicated. Appellant has undertaken to allege in said complaint our several decisions, and seeks a declaration of the present rights of the various parties to this action as a result of these decisions.

It becomes necessary to give a historical outline of the prior proceedings pertaining to this estate.

The will of Carl Ray, deceased, was admitted to probate in Department 1 of the Eighth Judicial District Court in and for the County of Clark. Thereafter respondent Barringer filed a petition in that court seeking a share of the estate as a pretermitted heir. The

petition was granted and the court decreed that Barringer was entitled to one third of the estate, after certain deductions. This decision was sustained on appeal. In re Carl Ray, 69 Nev. 204, 245 P.2d 990.

Thereafter Ida Angelot Ray, the widow of Carl Ray, commenced an independent action in Department 2 of said court for the specific performance of an antenuptial agreement under which the decedent, Carl Ray, agreed to devise certain property to her in trust. This contract provided that the decedent would make a will wherein all of his property would be bequeathed to a trustee with a provision that his said widow would receive one half the net proceeds of the trust estate. The agreement further provided that the provisions of the agreement would be in lieu of any other claim against decedent's estate which she might have by virtue of their marriage. The decedent executed his will substantially in compliance with said antenuptial agreement, and in addition provided that the remaining one half of the net proceeds of the trust was to go to Carlita Nancy Ray, the minor child of decedent and his wife, Ida Angelot Ray. The trial court upheld the validity of this contract and ordered its enforcement. Its judgment was affirmed on appeal. Barringer v. Ray, 72 Nev. 172, 298 P.2d 933.

In the due course of the administration of the estate, and pursuant to the decision in the case of In re Carl Ray, supra, a one-third interest in certain land in Las Vegas, Nevada (comprising the chief asset of said estate in Nevada) was conveyed by the estate to Barringer. Thereafter upon final distribution of the estate, the remaining two-thirds interest in said land passed in trust to the trustees named in the will.

As must be apparent from the foregoing, it was the intention of the testator that all of his estate (except for certain minor bequests) was to be distributed to the trustee or trustees named in his will in trust for his widow and minor child who were to receive the net proceeds therefrom in equal portions, all consistent with the covenants contained in the antenuptial agreement. The existence of Barringer and the fact that he would be awarded one third of the estate before the commencement of the trust was not contemplated by the testator

at the time he executed his will, or brought to the attention of the court when it ordered distribution to Barringer as a pretermitted heir to one third of the estate. In other words, after the determination of the validity of the antenuptial agreement and the legal effect thereof, was Barringer then entitled to retain one third of the entire estate, or was he entitled as a pretermitted heir to share only in that portion of the estate which the decedent could without restriction dispose of by will?

If the court in determining that Barringer as a pretermitted heir was entitled to one third of the estate acted under mistake of fact, then in the absence of laches, waiver, or other legal defense any part of the estate improperly received by him, could be impressed with a trust for the benefit of the trustees under the will. Villalon v. Bowen, 70 Nev. 456, 273 P.2d 409. If such could be accomplished, the relative interests of the minor child and the widow, or at least of the minor child, would be materially affected.

This court in referring to the interests of said minor child stated in the case of Ray v. Barringer, 73 Nev. 212, 314 P.2d 378: "Because of unusual developments in the probate proceedings, the interests of the minor child quite clearly demand attention and a determination of her rights under present circumstances should be had."

Apparently from this suggestion, the trustees under the will commenced an action for a declaratory judgment to determine "the rights and interests of the various defendants in the trust estate." One of the defendants therein was Barringer, and upon his disclaimer of any interest in the trust estate, the trial court dismissed the action against him. This judgment was affirmed on appeal. Ray v. Barringer, 75 Nev. 168, 336 P.2d 772.

Neither Barringer nor his successors in interest, Hawkins and Cannon, have ever claimed any interest in the trust estate, and they of course should not be named parties in an action to declare the extent of the

interest of those parties claiming any part of the trust estate.

They do, however, claim a one-third interest in the Professional Building, the name by which said real property is known and which became the major part of the estate of Carl Ray upon his death. If their interest in said building or any part thereof was improperly acquired through a mistake of fact, an action to determine such matter would be proper. Villalon v. Bowen, supra.

It is contended by respondents Barringer, Hawkins, and Cannon that the present complaint seeks to determine the rights of said respondents only with respect to the trust estate and not with respect to the entire estate left by decedent Carl Ray. While the prayer of the present complaint and certain of the allegations therein could be so construed, the evident intention of the appellant is for a determination of the rights of the parties in and to the entire property which originally comprised the estate and not just to the two-thirds interest which became vested in the trustees upon final distribution.

The order dismissing the action as to defendants Barringer, Hawkins, and Cannon is reversed, and the trial court is directed to permit the appellant to amend the complaint so that it is clearly alleged that the declaration of rights sought pertains to the real property in its entirety and not to just that part thereof now held by the said testamentary trustees.

BADT and PIKE, JJ., concur.