IDA ANGELOT RAY, CARL REED AND RALPH STEINER, AS TRUSTEES OF THE LAST WILL AND TESTAMENT OF CARL RAY, DECEASED, APPELLANTS, *v.* L. O. HAWKINS AND HOWARD W. CANNON, RESPONDENTS.

No. 4244

April 11, 1960        350 P.2d 998

*Harry E. Claiborne,* of Las Vegas, for Appellants.

*Ralston O. Hawkins,* of Las Vegas, for Respondents.

## OPINION

By the Court, McNamee, C. J.:

This is an action commenced by respondents to partition certain real estate in Las Vegas, Nevada, known as the Professional Building. The trial court ordered a sale of said property and distribution of the proceeds therefrom. Appeal is from such judgment.

During the process of administration of the estate of Carl Ray, deceased, a one-third interest in said property was deeded to one Barringer through whose title respondents base their claim of interest in this property. Upon final distribution of said estate, the remaining two-thirds interest in said property was conveyed to the appellants as testamentary trustees in accordance with the terms of decedent's will. The complaint alleges that respondents hold their said interest and are in possession of said property as tenants in common with appellants.

As giving them the right to maintain this partition action, the respondents offered in evidence a document entitled "Trust Deed" which purports to be a conveyance of Barringer's one-third interest in said property to respondents. The document was received in evidence over the objection of appellants, and such ruling of the trial court is the chief assignment of error on this appeal.

The document describes Barringer as grantor and Hawkins and Cannon as grantees, and recites that in consideration of $1.00 and other good and valuable consideration, Barringer does "hereby convey and warrant

unto L. O. Hawkins and Howard W. Cannon, * * * as Trustees, under provision of Trust Agreement dated the second day of March 1953," the said one-third interest "to have and to hold said premises with appurtenances upon the Trust and for the uses and purposes herein and in said Trust Agreement set forth."

The only objection by appellants to said document was made at the time it was identified by Barringer, the grantor named therein, during his direct examination by respondents. The basis of the objection was that it "appears to be an incomplete document inasmuch as the trust deed makes reference to an agreement and embraces an agreement of which is not attached thereto or a part of it * * *."

Later during said direct examination, Barringer was asked: "Mr. Barringer, other than the deed that has been introduced into evidence as Plaintiff's Exhibit C, the document entitled Trust Deed to the plaintiffs L. O. Hawkins and Howard W. Cannon, have you executed any other deed to any other person for the interest that you have in this property?" To which he answered: "I have not."

Appellants did not cross-examine Barringer and at no time made any demand for the agreement referred to in said Exhibit C.

The instrument (Exhibit C) constitutes a conveyance of land as defined by NRS 111.010.[1]

It is apparent from the language employed therein that it was the intention of the grantor to create an express trust, even though neither a cestui que trust nor the purpose to which the corpus of the trust could be applied is designated with any degree of certainty. True it is that the instrument states that the grantees were to be trustees "under provision of Trust Agreement dated the second day of March 1953," but without any description of the contracting parties, the reference

---

[1] "'Conveyance' shall be construed to embrace every instrument in writing, except a last will and testament, whatever may be its form, and by whatever name it may be known in law, by which any estate or interest in lands is created, aliened, assigned or surrendered."

to an independent agreement must be disregarded because of its lack of definiteness and its uncertainty.

In the case of Sansom v. Ayer, 144 Ky. 555, 139 S.W. 778, the court said: "The weight of authority seems to be that where an instrument vests title in one as trustee, without disclosing on the face of the instrument the nature of the trust or the name of the cestui que trust, then the word 'trustee' is merely descriptive and the ownership vests in the individual in fee; or, to differently express our meaning, when the instrument creating the trust fails to disclose the beneficiary of the trust, the trustee named takes in fee, and may convey the title without the joinder of the cestui que trust."

Whether respondents are to be considered as owners of the fee or as trustees of an express trust within the meaning of NRCP 17(a) is immaterial to the issue of respondents' right to sue for partition. In either case they may sue in their own names without designating or joining with them the party, if someone other than the respondents, for whose benefit the action is brought. Sansom v. Ayer, supra; Castleman v. Redford, 61 Nev. 259, 124 P.2d 293.

Appellants insist however that if said Exhibit C was in fact a deed of trust in the nature of a mortgage given merely as security for a debt, then the respondents' powers thereunder would be limited to a sale on default or a reconveyance upon satisfaction of the debt; that for this reason, the reception in evidence of Exhibit C without its companion document referred to therein as the Trust Agreement dated March 2, 1953 was prejudicial. We deem it unnecessary to decide this point in view of appellants' second defense in their answer and our conclusion herein.

It appears from appellants' said second defense that their paramount reason for contesting partition is the fact that the rights of the parties interested in any proceeds from a partition sale have not been finally adjudicated. In the case of Gunderson v. Barringer, 76 Nev.

133, 350 P.2d 397, we ordered the trial court to permit an amendment of the pleadings therein so that the rights of the parties interested in the estate of Carl Ray, deceased, and in the land sought to be partitioned herein could be ascertained and finally determined.

Because of the protracted litigation in connection with this estate (see Gunderson v. Barringer, supra), it is obviously for the best interests of all concerned that the said Professional Building be sold and the proceeds therefrom held for distribution to the parties entitled thereto.

The judgment is affirmed insofar as it provides for a sale of the property described therein, provides for the payment of costs of the plaintiffs below, and provides for the payment to lienholders of the amount of their claims including costs and interest on the obligations as found due.

After making the payments aforesaid and in addition thereto the payment of costs in connection with the sale, the balance remaining from the proceeds of such sale shall be retained by the trial court until the final judgment in the case of Gunderson v. Barringer, supra, and then distributed in accordance with the adjudication therein contained.

No costs are allowed.

BADT and PIKE, JJ., concur.