ABE FOX, APPELLANT AND CROSS–RESPONDENT, *v.* ELLENA FOX, RESPONDENT AND CROSS–APPELLANT.

No. 5362

May 28, 1968                                          441 P.2d 678

*Galane & Wines,* of Las Vegas, for Appellant and Cross-Respondent.

*Foley Brothers,* of Las Vegas, for Respondent and Cross-Appellant.

## OPINION

By the Court, BATJER, J.:

On April 21, 1965, this court, in the case of Fox v. Fox, 81 Nev. 186, 401 P.2d 53, held: "It follows from what has been said that the judgment must be affirmed in all respects except for the fixing of the value of Foxy's Restaurant which must include a value of the goodwill as affected by 1962 business receipts in the sum of $123,706.37. On such issue the judgment is reversed and the case remanded for a limited new trial for the purpose of taking the said sum (or such sum as may result from said limited new trial) into account as the receipts of Foxy's Restaurant for 1962. In remanding for such purpose this court has in mind the discretion vested in the trial court, both in respect to a division of the community property pursuant to NRS 125.150, and also with reference to the award of alimony. That the award, as heretofore made by the court for a division of the community property, may well be effected by the result of this opinion was recognized in Weeks v. Weeks, 72 Nev. 268, 302 P.2d 750."

On February 21, 1966, the Honorable Clarence Sundean, District Judge, entered an order for reference, referring the issue involved to K. Jack Rudd, as special master, to reevaluate the value of Foxy's Restaurant for the year of 1962, by taking into account the gross receipts which were in his (K. Jack Rudd was special master in the previous case, Fox v. Fox, supra) report of February 28, 1963, and the additional business receipts of $123,706.37, from Foxy's Restaurant, redetermine the factor of goodwill, and report his findings in full to the trial court. This order for reference was filed with the clerk of the court on March 2, 1966. K. Jack Rudd, as special master, filed his report dated June 24, 1966, and after a number of continuances, the appellant filed his objection to the master's report on November 1, 1966. The hearing on the objections was held on December 27, 1966 before the Honorable David Zenoff, District Judge, and on December 30, 1966,

Judge Żenoff signed findings of fact, conclusions of law and a second amended decree of divorce.

The Honorable David Zenoff's term as district judge expired on January 1, 1967, and on January 2, 1967, he took the oath of office as a justice of this court. Not until January 10, 1967 were the findings of fact and conclusions of law, and the second amended decree of divorce filed with the clerk of the court. In the case before us, Abe Fox, appellant and cross-respondent, appeals from the judgment of the trial court entered as a second amended decree of divorce, and Ellena Fox, respondent and cross-appellant, cross appeals from that part of the second amended decree of divorce which divides the community property and awards alimony.

The second amended decree of divorce, not having been filed with the clerk of the court until January 10, 1967, falls squarely within our ruling in Lagrange Constr., Inc. v. Del E. Webb Corp., 83 Nev. 524, 435 P.2d 515 (1967), and must be set aside.

Respondent and cross-appellant urges that this case can be distinguished from the *Lagrange* case inasmuch as Judge Zenoff, during his term of office as a district judge, indicated in the transcript of the proceedings held on December 27, 1966, his position in the case, and that the preparation of the second amended decree of divorce and his signing and filing the same were a mere formalization of the judgment granted on December 27, 1966.

We disagree. NRCP 58(c)[1] provides that filing with the clerk of a judgment signed by the judge, constitutes the entry of such judgment and the judgment is ineffective for any purpose until the entry thereof.

NRS 3.180(2) authorizes district judges to perform certain acts in civil cases after the expiration of their term or the cessation of exercise of duties, and provides in part as follows: "2. All judges about to retire from office by reason of resignation or the expiration of their term shall, before such retirement, decide all cases and matters submitted to them and remaining undetermined. The decision or decisions shall be entered in the minutes of the court, and, if in writing, shall be filed with the clerk of the court before retirement * * *." In light of NRS 3.180(2) and NRCP 58(c), supra, we conclude

---

[1]NRCP 58(c). "The filing with the clerk of a judgment, signed by the judge, or by the clerk, as the case may be, constitutes the entry of such judgment, and no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided. The entry of the judgment shall not be delayed for the taxing of costs."

that the written decision, filed with the clerk of the court before a judge's term expires, is essential to jurisdiction.

Although Judge Zenoff, on December 27, 1966, entered the written minutes of the court, these alone were not sufficient to satisfy the requirements of NRS 3.180(2), because the written decision (second amended decree of divorce) being in writing, must have been filed with the clerk before the expiration of Judge Zenoff's term.

In Lagrange Constr., Inc. v. Del E. Webb Corp., supra, this court said: "The clear weight of authority is to the effect that the filing of the written decision with the clerk is jurisdictional, obligatory and an integral part of the judicial act, and that it shall be filed prior to retirement from office, while its entry by the clerk is ministerial. See Crane v. First Nat'l Bank of McHenry, 26 N.D. 268, 144 N.W. 96 (1913); Gossman v. Gossman, 52 Cal.App.2d 184, 126 P.2d 178 (1942)."

The second amended decree of divorce is reversed because it was not filed with the clerk of the court before the expiration of the term of office of the district judge who signed it.

Further, we specifically find that this court, in ordering the limited new trial in the case of Fox v. Fox, supra, did not intend that any new evidence be taken on the trial court's findings, but intended only that the value of Foxy's Restaurant be fixed to include the value of the goodwill as affected by the 1962 business receipts in the sum of $123,706.37.

Accordingly, it is necessary that we once more remand, for the limited purpose of redetermining the value of the goodwill of Foxy's Restaurant by taking into account the sum of $123,706.37 as the receipts of that restaurant for the year 1962, without the taking of any additional testimony. The record reveals that this redetermination has been made by K. Jack Rudd, the special master, who has reported his findings in full to the trial court, and that appellant, Abe Fox, has filed objections to that report.

The lower court shall hear the objections to the special master's report and enter its second amended decree of divorce, consistent with Fox v. Fox, supra, and with this opinion. In all other respects the original decree of divorce is affirmed.

THOMPSON, C. J., COLLINS, MOWBRAY, JJ., and MANN, D. J., concur.

ZENOFF, J., being disqualified, the governor commissioned the Honorable Kenneth L. Mann to sit in his place.