ABE FOX, APPELLANT, v. ELLENA FOX, RESPONDENT.

No. 6048

September 10, 1971                    488 P.2d 548

---

[4]Appellant's present counsel did not represent him at trial in court below.

*Morton Galane,* of Las Vegas, for Appellant.

*Foley Brothers,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this divorce action there have been two prior appeals, concerning the need to consider $123,706.37 in "unidentified deposits" when computing the "good will" of the family business. Fox v. Fox, 81 Nev. 186, 401 P.2d 53 (1965), and Fox v. Fox, 84 Nev. 368, 441 P.2d 678 (1968). In making the second remand, we specifically determined our first opinion "did not intend that any new evidence be taken," saying: "The lower court shall hear the objections to the special master's report and enter its second amended decree of divorce, consistent with Fox v. Fox, supra, and with this opinion. In all other respects the original decree of divorce is affirmed." 84 Nev., at 371. No petition for rehearing was filed.

The husband now appeals from a decree substantially like that concerned in the second *Fox* appeal, awarding the wife an additional $86,300 for increased good will value, recomputed upon consideration of the "unidentified deposits" as business income. Although this was consistent with our earlier mandates, the husband contends the lower court "erred in not allowing additional evidence to explain the so-called unidentified deposits of Foxy's Restaurant (Mission Enterprises, Inc.) in the sum of $123,706.37."[1]

While the lower court was, of course, constrained to obey our mandates, the husband asks us to correct our prior rulings,

---

[1]Appellant cites: NRCP 54(b), providing that a decision "is subject to revision at any time before entry of a judgment adjudicating all the claims and the right and liabilities of all the parties"; Alamo Irrigation Co. v. U.S., 81 Nev. 390, 404 P.2d 5 (1965), concerning correction of

i.e. to require the lower court to allow him another opportunity to explain the source of the heretofore "unexplained deposits." Acknowledging that courts have power to correct prior judgments and decrees in some circumstances (e.g. Villalon v. Bowen, 70 Nev. 456, 273 P.2d 409 (1954), involving fraud, and Gunderson v. Barringer, 76 Nev. 133, 350 P.2d 397 (1960), involving mistake), equity does not require a remand to permit appellant to proffer explanatory matter he should have adduced at the first hearing of this cause. Cf. Drespel v. Drespel, 56 Nev. 368, 45 P.2d 792 (1935); cf. Pinschower v. Hanks, 18 Nev. 99, 1 P. 454 (1883).

Other assignments of error are equally without merit.

Affirmed.

---

a clerical error; Lane v. Matthews, 251 P.2d 303 (Ariz. 1952), involving the inherent power of an appellate court to entertain a second rehearing; Restatement of Judgments, §§ 118, 119 and 128, discussing equitable relief from judgments; and Am.Jur.2d, Appeal and Error, § 972, reciting that a case may be remanded to permit the taking of further evidence, "if the interests of justice require."